S91G0217. SCHREMBS v. ATLANTA CLASSIC CARS, INC.
(402 SE2d 723)

HUNT, Justice.

We granted certiorari to the Court of Appeals in *Schrembs v. Atlanta Classic Cars*, 197 Ga. App. 450 (398 SE2d 712) (1990) to examine whether the trial court was authorized to strike the defendant's answer and dismiss her counterclaim as a sanction for her failure to comply with discovery.

Atlanta Classic Cars, Inc. sued Tamara Schrembs when her check to them for a car payment was returned for insufficient funds. Atlanta Classic filed a single interrogatory, asking for Schrembs' social security number, to which Schrembs filed a response, objecting that the information sought was not relevant to the lawsuit.[1] Atlanta Classic then filed a motion to compel and, following a hearing, the trial court ordered Schrembs to answer the interrogatory within 30 days. Schrembs did not comply with the trial court's order and, on Atlanta Classic's motion for sanctions, the trial court struck Schrembs' answer, dismissed her counterclaim, and declared the case against her in default.[2] The Court of Appeals affirmed.

Schrembs argues the trial court was not authorized to impose the sanction of dismissal without first holding a hearing on whether her failure to comply with the trial court's order on Atlanta Classic's motion to compel was wilful. We disagree.

Where a party fails to comply with a discovery order, the trial court has available to it several sanctions under OCGA § 9-11-37 (b) (2) of which the harshest is that imposed here, dismissal and default. OCGA § 9-11-37 (b) (2) (C). We have cautioned against the use of these harsher sanctions except in extreme cases, *Swindell v. Swindell*, 233 Ga. 854, 856 (2) (213 SE2d 697) (1975), and have held that the trial court must find wilfulness as a predicate to imposing the sanctions. Id. However, the trial court need not conduct a hearing on the

[1] Its relevancy is not an issue in this appeal.
[2] The trial court reserved the issue of damages, if any, for determination at a later date.

issue of wilfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought.[3]

Here, the trial court's finding of wilfulness is supported by the fact that Schrembs had almost 11 months to answer a single, straightforward interrogatory asking for a single answer and failed to do so. We find no merit to Schrembs' argument that dismissal was not authorized because at the time of the trial court's order on the motion for sanctions, she was only seven days beyond the 30-day period set by the trial court for her compliance on the motion to compel.[4]

> [W]here a motion for sanctions is brought under [OCGA § 9-11-37 (b) (2)] for a party's failure to comply with an order compelling answers, the existence or nonexistence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of interrogatories and ending with service of answers. Events transpiring during this entire time period are probative of whether appellant acted with "conscious indifference to the consequences of failure to comply" with the order compelling answers.

*Swindell v. Swindell,* supra at 857 (3). Nor do we find merit to Schrembs' argument that although she has no legal defense to her failure to respond to the interrogatory, the trial court was required to consider her personal situation, which, she claims, justified her failure to respond. Schrembs had an opportunity to present any legal justification as well as personal explanation at the hearing on Atlanta Classic's motion to compel, and failed to convince the trial court at that time. As noted by Judge Beasley in her opinion in the Court of Appeals:

> The interminable discovery procedures which bog down final resolution, wear out parties' patience and pocketbooks, and consume inordinate amounts of severely limited court resources, would be exacerbated without justification if further hearing were required in these circumstances.

*Schrembs v. Atlanta Classic Cars,* 197 Ga. App., supra at 451.[5]

---

[3] To the extent that *Lewis v. Foster,* 186 Ga. App. 819 (368 SE2d 575) (1988) and *Harwood v. Great American Mgmt. &c.,* 164 Ga. App. 703 (298 SE2d 263) (1982) are inconsistent with this opinion, they are overruled.

[4] Schrembs never filed a response to Atlanta Classic's interrogatory.

[5] We note that if a party against whom the sanction of dismissal and default is imposed

*Judgment affirmed. All the Justices concur, except Benham, J., who dissents.*

DECIDED APRIL 11, 1991.

*C. Alan Mullinax,* for appellant.
*John A. Swann,* for appellee.

---

has a justifiable reason for failure to comply with a trial court's order on discovery, that party is not without remedy, but may seek to open the default under OCGA § 9-11-55 (b) by setting forth facts which show excusable neglect, providential cause, or an otherwise proper case for opening the default. See *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539) (1969).