### A93A0125. VINING v. KIMOTO USA, INC.
(433 SE2d 342)

SMITH, Judge.

Billy R. Vining, as trustee, initiated this action on account against Kimoto USA, Inc. Kimoto sought discovery of the factual basis for Vining's claim by way of interrogatories and requests for the production of documents, properly served by mail on Vining's counsel of record. The requests sought copies of the account ledger and an itemization of the elements of the total principal demanded. No response was received by Kimoto's counsel within the time allowed to answer or object. Vining made no application for an extension of time in which to respond nor were formal objections ever filed. Kimoto's counsel both wrote to and spoke with Vining's attorney requesting an immediate response to the outstanding discovery and threatening to move for sanctions. Vining's attorney offered assurances that responses were forthcoming. Despite this attempt to resolve the discovery dispute informally, no response was ever made.

On March 27, Kimoto moved for the sanction of dismissal for Vining's total failure to comply with discovery, or, in the alternative, for an order to compel. The hearing on this motion was set for May 27, and Vining's counsel of record was notified. He appeared at the May 27 hearing but failed, according to the trial court, to "give any acceptable justification for its failure to make discovery or respond to [Kimoto's] discovery requests," and did not bring with him the desired information.

In its May 29 ruling, the trial court ordered Vining to "answer fully and without any objection each Interrogatory and furnish each document requested" and further ordered that "should [Vining] fail to make discovery [by] June 6, 1992, then upon the filing of an affidavit by [Kimoto's] attorney this case shall be dismissed with prejudice, without further notice or hearing." An affidavit stating that Vining had failed or refused to comply with that May 29 directive by failing or refusing to make or permit discovery was submitted on June 8, and on June 9, the trial court entered an order dismissing the complaint with prejudice. Vining appeals from that order, enumerating as error the dismissal of the complaint as a discovery sanction.

1. Vining contends the trial court's discovery order of May 29 was an impermissible prospective, self-executing order of dismissal. We disagree. Compare *Steele v. Colbert*, 182 Ga. App. 680 (356 SE2d 736) (1987); *Thornton v. Burson*, 151 Ga. App. 456, 460 (2) (260 SE2d 388) (1979); *Maxey v. Covington*, 126 Ga. App. 197, 199 (190 SE2d 448)

(1972). There were *two* orders entered with respect to Kimoto's motion for sanctions or, in the alternative, motion to compel. In the first, entered on May 29, the trial court found that Vining had no valid excuse for not responding to discovery, and ordered him to make discovery without objection by a date certain or suffer the penalty of dismissal *upon further application of Kimoto*. Certainly this put Vining on notice of the possible consequence of his wilful failure to comply with the May 29 order, and of the procedure that the court would employ in the event of noncompliance. The complaint was dismissed by a separate order, entered only after Kimoto submitted sworn testimony that Vining *still* had failed totally to comply with either its requests or the court's directives. This enumeration is without merit.

2. Vining enumerates as error the failure of the trial court to afford him an opportunity to explain the circumstances prior to dismissing the complaint.

Upon being informed that Vining still had failed totally to answer the interrogatories and to comply with other proper and timely discovery, and considering the entire history of the proceeding, the trial court was authorized to impose immediately the ultimate sanction authorized by OCGA § 9-11-37 (d), dismissal of the complaint. It was not necessary that the trial court schedule an additional evidentiary hearing with oral argument before determining that Vining's total failure to make discovery and to comply with the court's earlier order was wilful. Appellant "had an opportunity to present any legal justification [or mitigating circumstance] at the hearing on [appellee's] motion to compel, and failed to convince the trial court at that time." *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 183 (402 SE2d 723) (1991).

In *Schrembs*, the Supreme Court overruled *Lewis v. Foster*, 186 Ga. App. 819 (368 SE2d 575) (1988) and *Harwood v. Great American Mgmt. &c.*, 164 Ga. App. 703 (298 SE2d 263) (1982). In those cases, this court had reversed dismissals of complaints for the plaintiff's failure to make court-ordered discovery without first holding a complete adversarial evidentiary hearing on the issue of wilfulness.

It remains the rule that a *prior finding* of wilfulness, bad faith, or that behavior which at best reflects a conscious indifference to the consequences of failure to comply with the trial court's order compelling discovery is a prerequisite to the imposition of the harsher sanctions authorized by OCGA § 9-11-37 (b) (2). *Schrembs*, supra at 182; *Swindell v. Swindell*, 233 Ga. 854, 856 (2) (213 SE2d 697) (1975). However, the procedure no longer requires a second evidentiary hearing, complete with oral argument, before the imposition of sanctions. "[T]he trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party

against whom the sanctions are sought." (Footnote omitted.) *Schrembs*, supra at 182-183.

The record shows no effort by Vining to request an extension of time from the trial court. The Civil Practice Act provides a vehicle for being heard again, should the defaulting party pursue it. "[I]f a party against whom the sanction of dismissal [or] default is imposed has a justifiable reason for failure to comply with a trial court's order on discovery, that party . . . may seek to [set aside the judgment of dismissal pursuant to OCGA § 9-11-60 or may seek to] open the default under OCGA § 9-11-55 (b) by setting forth facts which show excusable neglect, providential cause, or an otherwise proper case. . . . [Cit.]" *Schrembs*, at 183-184, n. 5.

The trial court did not err by deciding, without a second evidentiary hearing, whether Vining's continued total failure to answer interrogatories and to comply with a discovery order warranted the ultimate sanction of dismissal.

3. The trial court was authorized to conclude that Vining's continued total failure to answer straightforward interrogatories within the time required by the order compelling discovery was a wilful disobedience of that order, authorizing dismissal of the complaint. *Schrembs v. Atlanta Classic Cars*, 197 Ga. App. 450, 451 (398 SE2d 712) (1990), aff'd, 261 Ga., supra. See also *Fidelity Enterprises v. Heyman & Sizemore*, 206 Ga. App. 602, 603 (1) (426 SE2d 177) (1992); *Thornton v. Burson*, supra at 459 (2). "The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only ' " 'a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance.' " ' [Cit.] 'A conscious or intentional failure to act' is in fact 'wilful.' [Cit.]" *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 17, 1993 —
RECONSIDERATION DENIED JUNE 30, 1993 —

*Lamb & Associates, T. Gordon Lamb, Andrew R. Bickwit*, for appellant.

*Alexander P. Levorse*, for appellee.