A94A1212. OLIFF v. SMITH et al.
(447 SE2d 707)

BLACKBURN, Judge.

Debra Oliff, plaintiff in the underlying action, appeals the trial court's order granting the defendants' motion to dismiss for failure to respond to discovery requests. On appeal, Oliff asserts several enumerations of error; however, as each enumeration pertains to the

trial court's dismissal of Oliff's complaint, they will be addressed together.

Defendants served plaintiff with interrogatories and requests for production of documents on February 27, 1992. Defendants' counsel corresponded with plaintiff's counsel, on May 6, 1992, in an effort to resolve the discovery dispute. Plaintiff's counsel asserted that he had not received the discovery requests, therefore, defendants served them again on June 10, 1992. By letter dated June 15, 1992, plaintiff's counsel acknowledged receipt of the discovery requests and indicated that the responses should be served within the next ten days. Discovery was later extended, by agreement of counsel, to November 1, 1992.

On November 20, 1992, defendants filed a motion to dismiss plaintiff's complaint, based on plaintiff's failure to respond to discovery. Plaintiff served the discovery responses and filed her response to defendants' motion to dismiss on December 21, 1992, two days before a scheduled pre-trial conference. Of the three sets of responses filed by plaintiff, only one set was verified. The trial court determined that plaintiff's explanation that she was "out-of-pocket" did not justify her failure to timely respond to the discovery requests.

Plaintiff's assertion that the trial court erred in failing to hold a hearing is without merit. Our Supreme Court has determined that a hearing is not necessary in every case. *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991). Specifically, the Supreme Court found that "[s]uch a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." Id. at 183.

Plaintiff's reliance on her ultimate service of the discovery responses is also without merit. The ultimate service of responses, after the defendants filed their motion to dismiss, does not save plaintiff from the sanction of dismissal. See *Barron v. Spanier*, 198 Ga. App. 801, 802 (403 SE2d 88) (1991).

"This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. The trial court is the trier of fact and its finding of wilfulness from the evidence presented will not be reversed where there is any evidence to support it." (Citations and punctuation omitted.) *Addington v. Anneewakee, Inc.*, 204 Ga. App. 521, 522 (420 SE2d 60) (1992). In the present case, the trial court's determination is supported by the record.

Plaintiff's remaining arguments assume facts not in the record and are without merit. Appellees' motion for penalties pursuant to Georgia Court of Appeals Rule 26 (b) is denied.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 2, 1994.

*Joseph M. Todd*, for appellant.
*Lokey & Bowden, K. Scott Graham, Peter K. Kintz, Jon W. Burton*, for appellees.