A99A0347. KING v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.

(516 SE2d 581)

Judge Harold R. Banke.

This is the second appearance of this case before this court. See *King v. Bd. of Regents &c.*, 215 Ga. App. 570 (451 SE2d 482) (1994)

("*King I*"). Only facts pertinent to the present appeal will be repeated.

Michael King, an attorney, sued the Board of Regents of the University System of Georgia pro se based on his unsuccessful tenure as a student at Georgia State University's College of Law. Based on difficulties in scheduling depositions, the court on September 8, 1993 ordered King to sit for his deposition within 30 days. Despite a properly-noticed deposition for the afternoon of September 27, 1993, King announced he would not sit for his deposition at that time. The Board moved for sanctions, and he countered by moving for a protective order shortly before the scheduled deposition. He further notified the Board he would not sit for any deposition until the court ruled on his motion for a protective order.

In December 1993 the court held a hearing on the Board's motion for sanctions and King's motion for protective order. The court first denied the motion for protective order as lacking any credible legal or factual basis, and then dismissed King's complaint for his wilful refusal to cooperate with discovery. *King I* reversed, holding the dismissal had to be set aside for failing to notify King of the hearing, as required by OCGA § 9-11-6 (d). 215 Ga. App. at 571.

On remand, the court re-scheduled the hearing and the Board served a timely written notice on King. Once again King did not attend, and the court adopted its December order with the additional finding that King had received proper notice of the rescheduled hearing. King appeals. *Held*:

1. King first contends he was not notified of the re-scheduled hearing. This contention is specious, as the record plainly reflects otherwise.

2. Citing *Dismuke v. Dismuke*, 195 Ga. App. 613, 615 (3) (394 SE2d 371) (1990), and *Corey v. Renard*, 151 Ga. App. 584 (260 SE2d 538) (1979), King contends that because his motion for protective order was pending, the court was without authority to sanction his refusal to appear for his deposition. This contention is likewise specious, for the court denied the motion for protective order before it ruled on the motion for sanctions.

3. King's final enumeration of error is that the Board did not show he wilfully refused to be deposed. Refusal to be deposed is grounds for dismissal under OCGA § 9-11-37 (d). *Washington v. South Ga. Med. Ctr.*, 221 Ga. App. 640, 641 (1) (472 SE2d 328) (1996). Before imposing this sanction, the court must find the refusal was wilful. *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991); *Frady v. Irvin*, 245 Ga. 307, 308 (2) (264 SE2d 866) (1980).

In an eight-page order, the court detailed the evidence of King's wilfulness and repeated abuse of the discovery process. We will not repeat that evidence in detail here. Despite a court order requiring

his deposition within 30 days, King refused to sit for a properly-noticed deposition on a day on which he was unquestionably available, and then announced in direct contravention of the court order that he would not sit for a deposition until a newly-filed motion for protective order was determined. " 'The trial court is the trier of fact and its finding of wilfulness from the evidence presented will not be reversed where there is any evidence to support it.' [Cit.]" *Oliff v. Smith*, 214 Ga. App. 358, 359 (447 SE2d 707) (1994).

The court did not err in dismissing King's complaint.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 22, 1999 —
RECONSIDERATION DENIED MAY 6, 1999 — CERT. APPLIED FOR.

*Michael B. King*, pro se.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General*, for appellee.