A01A1179. MOTANI et al. v. WALLACE ENTERPRISES, INC.
(554 SE2d 539)

PHIPPS, Judge.

Wallace Enterprises, Inc. sued Sonya Enterprises, Inc. and Nasiruddin Motani for failure to pay a debt in the amount of $10,234.10 and for service charges associated with a check returned for insufficient funds. Sonya and Motani appeal the trial court's order striking their answers, entering judgment against them and imposing monetary sanctions for failing to comply with the court's order on a motion to compel. We find that the trial court abused its discretion by imposing such a severe sanction in the absence of any evidence of wilfulness, bad faith or conscious disregard of an order and remand for the imposition of more appropriate sanctions. Motani also appeals the trial court's failure to grant his motion for summary judgment. Because the trial court issued no ruling on Motani's motion, this claim presents nothing for review.

1. On August 23, 1999, Wallace served separate sets of interrogatories, document requests and requests for admission on Sonya and on Motani. Sonya and Motani served written responses to the discovery requests on September 27, 1999. On October 5, 1999, counsel for Wallace wrote to counsel for Sonya and Motani and requested supplemental responses to the discovery requests and an opportunity to review certain of the documents responsive to those requests. After

---

[16] Id. at 309 (2) (b).

receiving no response to its counsel's letter, Wallace filed a motion to compel on December 22, 1999. On March 8, 2000, the parties consented to an order on Wallace's motion to compel whereby Sonya and Motani would provide the names of their respective accountants and would make available the documents requested by Wallace by March 14, 2000, or, in the alternative, copy all requested documents and mail them to Wallace's counsel. When Sonya and Motani failed to provide the agreed information or documents, Wallace filed a motion to strike their answers, for judgment on the pleadings and for sanctions.

The trial court conducted a hearing on Wallace's motion on May 18, 2000. Counsel for Sonya and Motani told the court that he was handling the case by himself and that he had inadvertently failed to mark the response date on his calendar. He explained that he was preoccupied with other matters and that he was on a previously scheduled vacation on March 14 (the day the documents were to be produced). When he returned on March 20, he telephoned Wallace's counsel's office and informed them what had happened and told them that he would make arrangements to pick up the documents from the accountants himself. He picked up the documents on March 22 and returned to his office to find Wallace's motion.

On May 25, the trial court granted Wallace's motion, finding that counsel for Sonya and Motani "was unable to provide a legal basis for his failure to comply" with the order on the motion to compel. In its order, the trial court found that Wallace's counsel had reviewed some of the requested documents on March 30 and the remainder in mid-April, but that copies of documents requested from counsel for Sonya and Motani had not been provided.

When a party fails to obey an order to provide or permit discovery, including an order to produce, the trial court has the option of imposing several sanctions of which the most severe is that imposed here — striking out pleadings and rendering judgment by default against the disobedient party.[1] As a general rule, a trial court should attempt to compel compliance with its orders through the imposition of less drastic sanctions, reserving the sanctions of dismissal and default for the most flagrant cases — where the failure to comply is wilful, in bad faith or in conscious disregard of an order.[2] We will not, however, interfere with a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act in the absence of an abuse of discretion.[3]

---

[1] OCGA § 9-11-37 (b) (2) (C); *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991); *Joel v. Duet Holdings*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987).

[2] *Hernandez v. State of Ga.*, 200 Ga. App. 368, 369 (408 SE2d 160) (1991).

[3] Id.

Before imposing the ultimate sanction of dismissal or default judgment, the court must first make a determination, after notice and an opportunity for hearing, that the failure to comply with the order was wilful.[4] The existence or nonexistence of wilfulness should be considered in the context of the entire period from the date the discovery requests were served in August 1999 until the time the documents were produced.[5] Here, Sonya and Motani provided timely written responses to the discovery requests[6] and later produced the requested documents for review. They did not, however, provide copies of the requested documents during that period. At the hearing on Wallace's motion, counsel for Sonya and Motani presented evidence that his failure to comply on the required date was accidental and not intentional. We find no evidence that the failure was wilful, in bad faith or in conscious disregard of the consequences of failing to comply with the order.

"We do not condone [Sonya's or Motani's] failure to meet [their] discovery obligations, but we conclude that the sanction chosen by the court was too severe for the facts presented."[7] The case is remanded for imposition of appropriate sanctions "which adequately compensate [Wallace] for delays and costs, punish [Sonya and Motani] so as to deter any future noncompliant conduct, and generally assure[ ] respect for the court's orders,"[8] taking into account the amount at issue in the case. If, after appropriate sanctions are imposed, Sonya and Motani fail to comply fully with the court's order on the motion to compel, more severe sanctions may be warranted.

2. On April 26, 2000, Motani filed a motion for summary judgment, claiming that the debt sued upon was not his obligation. Wallace did not respond to the motion before the trial court granted its motion to enter judgment against Sonya and Motani. Nor did the trial court rule on Motani's summary judgment motion. As a result, this claim presents nothing for our review.[9]

---

[4] Id. at 370.

[5] *Schrembs*, supra at 183.

[6] Sonya and Motani interposed objections to several of the document requests, but ultimately agreed to produce all requested documents.

[7] *Gen. Motors Corp. v. Conkle*, 226 Ga. App. 34, 46 (1) (c) (486 SE2d 180) (1997) (physical precedent). Compare *Schrembs*, supra at 183 ("Schrembs had almost 11 months to answer a single, straightforward interrogatory asking for a single answer and failed to do so."); *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236-237 (3) (424 SE2d 807) (1992) (Stolle refused to respond to any discovery requests for almost a year and admitted that his failure to respond was due to the fact that he did not return the necessary documents to his own attorney).

[8] *Gen. Motors Corp.*, supra.

[9] See *Northeast Ga. Artificial Breeders Assn. v. Brown*, 209 Ga. 547 (3) (74 SE2d 660) (1953) (this court will not consider questions on which no ruling has been made by the trial court).

3. Motani claims that even if the trial court was justified in striking his answer, the pleadings did not authorize judgment against him. Given our holding in Division 1, we need not reach this issue.

*Judgment reversed and case remanded. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 27, 2001.

*Smith, White, Sharma & Halpern, Furman Smith, Jr.,* for appellants.

*Mills & Moss, Steven M. Mills, David C. Moss, Paul J. Dzikowski,* for appellee.