A04A1506. ASAP HEALTHCARE NETWORK, INC. v. SOUTHWEST HOSPITAL & MEDICAL CENTER, INC.
(606 SE2d 98)

MIKELL, Judge.

In this breach of contract and fraud action, ASAP Healthcare Network, Inc. ("ASAP") appeals the trial court's grant of Southwest Hospital & Medical Center, Inc.'s (the "Hospital") motion to dismiss for failure to respond to discovery. For reasons explained below, we reverse and remand this case to the trial court.

The record shows that ASAP filed its action against the Hospital on March 19, 2001, alleging that the Hospital owed it $113,926.66,

---

plus interest and costs. The Hospital answered timely on April 23, 2001, admitting that it owed ASAP $93,030.50. On October 12, 2001, the Hospital filed Uniform Superior Court Rule 5.2 certificates of service of discovery, indicating that it served interrogatories and a request for production of documents to ASAP on that day. ASAP's responses were due on November 13, 2001. ASAP did not reply to the discovery.

Almost 18 months later on May 8, 2003, the Hospital faxed a letter to ASAP's counsel requesting responses to the discovery after a telephone call with counsel's paralegal, Frank Marx. According to Marx's affidavit, he discussed the amount that the Hospital owed to ASAP and asked for a consent order extending discovery, which the Hospital's counsel rejected because of ASAP's failure to respond to the discovery of October 2001. Upon receipt of the Hospital's letter, ASAP faxed a letter requesting a copy of the discovery requests. Marx averred, however, that the outstanding discovery requests were in ASAP's file.

On May 15, 2003, ASAP mailed the discovery responses to the Hospital's counsel and a certificate of service of the discovery to the clerk of court.[1] Also on May 15, 2003, the Hospital filed its motion to dismiss, for attorney fees, and alternatively to compel plaintiff to respond to the discovery, to which ASAP timely responded. The trial court did not conduct a hearing on the Hospital's motion. On August 12, 2003, the trial court entered an order granting the Hospital's motion to dismiss, from which ASAP appeals.

1. "Trial courts have broad discretion to control discovery, including the imposition of sanctions. Absent the showing of a clear abuse of discretion, a court's exercise of that broad discretion will not be reversed."[2] ASAP argues that the trial court abused its discretion when it dismissed ASAP's action without holding a hearing on the Hospital's motion to dismiss. We agree.

"The imposition of sanctions under OCGA § 9-11-37 (d) without a motion, notice, and a hearing is reversible error."[3]

---

[1] It appears that ASAP also filed a motion to reopen discovery at some time in May 2003, which is not included in the record.

[2] (Citation and punctuation omitted.) *Deep South Constr. v. Slack*, 248 Ga. App. 183, 185 (1) (546 SE2d 302) (2001).

[3] (Footnote omitted.) *Washington v. Harris*, 259 Ga. App. 705, 706 (1) (578 SE2d 286) (2003), citing *Barrego v. OHM Remediation Svcs. Corp.*, 245 Ga. App. 389, 390 (2) (537 SE2d 774) (2000). See also *Rivers v. Almand*, 241 Ga. App. 565, 566 (1) (527 SE2d 572) (1999). But see *Daniel v. Corporate Property Investors*, 234 Ga. App. 148 (505 SE2d 576) (1998) (trial court authorized to dismiss complaint without a hearing where the plaintiff failed to reply to discovery, attend his deposition, respond to motions to compel, or request a hearing within the four months that elapsed between the filing of the motion to compel and the entry of the trial court's order).

> Before a complaint may be dismissed as a sanction for discovery abuse under OCGA § 9-11-37, the trial court *should* engage in a two-step process: First, a motion to compel must be filed and granted; second, after the party seeking sanctions notifies the court and the obstinate party of the latter's failure to comply with the order granting the motion to compel and of the moving party's desire for the imposition of sanctions, the trial court may apply sanctions after giving the obstinate party an opportunity to be heard and determining that the obstinate party's failure to obey was wilful.[4]

We note that although this two-step procedure is encouraged, an order compelling discovery is not a prerequisite to imposing the sanction of dismissal under OCGA § 9-11-37 (d).[5] Nonetheless,

> [t]he immediate sanctions authorized under subsection (d) should be applied only in the most flagrant cases — where the failure of discovery is clear. Though granted a very broad discretion in applying sanctions to enforce compliance with the discovery provisions of the Civil Practice Act, as a general rule, the trial court should attempt to compel compliance through use of lesser sanctions than imposition of drastic measures available under OCGA § 9-11-37 (d). . . . [I]n determining the particular sanctions to be imposed, this discretion is not without limits. . . . Sanctions may be imposed only after a motion, notice, and a hearing provided to the party against whom sanctions are sought. This means affording the party against whom sanctions are sought an opportunity to explain the circumstances of the failure to timely respond.[6]

No such opportunity was given here.[7]

---

[4] (Citation omitted; emphasis supplied.) *Sheppard v. Johnson*, 255 Ga. App. 165 (564 SE2d 729) (2002). See also *Motani v. Wallace Enterprises*, 251 Ga. App. 384, 386 (1) (554 SE2d 539) (2001) ("Before imposing the ultimate sanction of dismissal or default judgment, the court must first make a determination, after notice and an opportunity for hearing, that the failure to comply with the order was wilful.") (footnote omitted).

[5] *Barrego*, supra; *Deep South Constr.*, supra at 186 (2); *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981).

[6] (Citations and punctuation omitted.) *Kemira, Inc. v. Amory*, 210 Ga. App. 48, 51 (1) (435 SE2d 236) (1993).

[7] It appears from the trial court's order that the sanction of dismissal was imposed because ASAP did not deny receiving the discovery or explain its failure to respond on a timely basis. Furthermore, the court found that ASAP's failure to participate in discovery was wilful based on the 17 months that elapsed before ASAP responded to the discovery.

The general rule may be that, although a trial court may impose sanctions, including dismissal, against a plaintiff without a hearing when the plaintiff has completely ignored discovery, has not responded to a properly served motion for sanctions, and has failed to request a hearing on the motion, it may not impose the sanction of dismissal without a hearing where as here, the plaintiff has responded to discovery, albeit in a most tardy manner. In *Barrego*,[8] we reversed the dismissal of the plaintiff's claims because the trial court failed to conduct a hearing on the defendant's motion for sanctions.[9] In that case, the plaintiff failed to respond to discovery or to opposing counsel's letter regarding same, then filed a one-sentence response to the defendant's motion for sanctions and requested oral argument.[10] In this case, ASAP did not request oral argument, but it opposed the motion to dismiss, responded to the discovery, and moved to reopen discovery. Nonetheless, the trial court dismissed ASAP's action without conducting a hearing. In light thereof, we must reverse the dismissal of ASAP's claims and remand the case to allow the trial court to conduct a hearing on the Hospital's motion. We also note that the sanction of dismissal may be impermissibly harsh when the defendant acknowledged in its answer that it owed the substantial sum of $93,030.50. It goes without saying that the filing of responses does not save the plaintiff from sanctions when the responses were more than 18 months late.

2. In light of our decision in Division 1, we need not address ASAP's remaining enumeration of error that the trial court erred by finding that ASAP acted wilfully in its failure to respond to discovery.

*Judgment reversed and case remanded. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 14, 2004.

■■■■■

*Melanie A. Brubaker*, for appellant.
*Smith, Gambrell & Russell, Samira Jones, Matthew S. Coles*, for appellee.

---

[8] Supra.
[9] Id. at 390 (2).
[10] Id. at 389.