## A05A0093. WOODS v. GATCH.
(613 SE2d 187)

BERNES, Judge.

Appellant Mell Woods, pro se, appeals the trial court's dismissal of his complaint as a sanction for Woods' failure to attend a court-ordered deposition on March 3, 2004.[1] We find that the trial court properly exercised its discretion in dismissing the complaint and affirm.

Woods filed the instant complaint against two John Doe defendants, Anne Hall, and appellee Charles D. Gatch, defendant Hall's attorney, alleging malicious prosecution and nuisance claims.[2] Hall and Gatch timely answered, denying the material allegations of the complaint, and asserted various counterclaims.[3] On or about May 21, 2003, Gatch served a subpoena duces tecum on Woods commanding his attendance at a June 4, 2003 deposition. According to pleadings filed by Gatch, on the day before the scheduled deposition, the parties agreed that the deposition would be continued until June 24, 2003. On June 5, 2003, Gatch noticed Woods for the June 24, 2003 deposition. Thereafter, on June 10, 2003, Woods moved to quash the subpoena duces tecum and subsequently on June 19, 2003, filed a motion for a protective order in which he objected to being deposed at Gatch's office. Woods subsequently failed to appear at the June 24, 2003 deposition.

On July 3, 2003, Gatch noticed Woods for a deposition scheduled for August 8, 2003 and also moved to compel Woods' appearance at this deposition. On August 5, 2003, Woods filed a reply to Gatch's motion to compel and subsequently did not appear for the August 8, 2003 deposition. On January 12, 2004, Woods requested oral argument on all pending motions, which then included Woods' motion to quash and motion for protective order, as well as Gatch's motion to compel.

The trial court without further hearing issued an order on February 13, 2004 disposing of the outstanding motions.[4] The trial court denied Woods' motion to quash the subpoena duces tecum and motion for protective order, granted Gatch's motion to compel, and

---

[1] In his brief, Woods cites to a narrative transcript prepared from recollection to support his contentions. However, the narrative transcript was not prepared in accordance with OCGA § 5-6-41 and thus cannot be considered by this Court on appeal. See *Parker v. State*, 154 Ga. App. 668 (1) (269 SE2d 518) (1980).

[2] Woods had previously filed an action involving substantially the same parties and claims. The former action was transferred to Liberty County upon motion of the defendant Anne Hall.

[3] Gatch answered individually and as attorney for Hall.

[4] Uniform Superior Court Rule 6.3 provides that "[u]nless otherwise ordered by the court, all motions in civil actions . . . shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict."

ordered Woods to appear for the taking of his deposition at Gatch's law office on March 3, 2004. On March 9, 2004, after Woods failed to appear on the appointed date, Gatch moved the trial court for sanctions, particularly requesting the dismissal of Woods' complaint.

Woods did not respond to Gatch's motion and on April 22, 2004, the trial court entered an order dismissing Woods' complaint based on his failure to appear at the March 3, 2004 deposition.[5] On May 13, 2004, Woods filed a motion for reconsideration of the trial court's order of dismissal. He also requested an extension for the filing of his notice of appeal from the trial court's order dismissing his complaint. Woods did not procure a ruling on his outstanding motions prior to filing a notice of appeal on May 20, 2004.[6]

"A trial court has broad discretion to control discovery, including the imposition of sanctions, and this Court will not reverse the trial court's ruling on such matters absent the showing of a clear abuse of discretion. [Cits.]" *Crane v. Darnell*, 268 Ga. App. 311, 311-312 (1) (601 SE2d 726) (2004).

> Failure to comply with a discovery order subjects a party to sanctions under OCGA § 9-11-37 (b) (2), the most severe of which is dismissal of the complaint. . . . First, a motion for order compelling discovery must be made, heard and granted. The obstinate party is then afforded another opportunity to provide discovery. If he fails to do so, the second step is for the court to enter such order as is just, including the imposition of one or more of the sanctions set forth in [OCGA § 9-11-37 (b) (2)] [Cits.] . . . Before imposing the ultimate sanction of dismissal or default judgment for failure to comply with discovery, the trial court must first determine, following notice and an opportunity to be heard, that the party's failure to comply with the order granting the motion to compel was wilful. [Cit.] . . . However, the trial court need not conduct an evidentiary hearing on the issue of wilfulness in those cases "where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." [Cit.]

---

[5] On April 28, 2004, Woods filed a document purporting to dismiss Gatch as a party in the case. Gatch contends that Woods' dismissal renders the instant case moot. As an initial matter, Woods' attempted dismissal of Gatch was ineffectual as the complaint had already been dismissed. Additionally, a dismissal of less than all the parties in a case may only be accomplished by order of the court. See OCGA § 9-11-21; *Rosales v. Davis*, 260 Ga. App. 709, 710 (1) (580 SE2d 662) (2003).

[6] "[I]t is well settled that a motion for reconsideration does not toll the time for filing of a direct appeal." (Citations omitted.) *Masters v. Clark*, 269 Ga. App. 537, 539 (604 SE2d 556) (2004).

*Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 210-211 (3) (538 SE2d 441) (2000).

The trial court's order compelling Woods' attendance apprised Woods that his failure to appear at the deposition could result in dismissal of the case. However, Woods did not respond to Gatch's motion for sanctions and made no effort to inform the court of any reason for his failure to appear until May 13, 2004, three weeks after the trial court entered its order dismissing the case. "A conscious indifference to the consequences of failure to comply with court orders concerning discovery is the equivalent of wilfulness." *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, supra at 211 (3), n. 2.

Woods twice failed to attend depositions for which he was noticed and on a third occasion failed to attend a deposition after being ordered to do so by the trial court.[7] Moreover, he filed no response to Gatch's motion for sanctions. Uniform Superior Court Rule 6.2 provides: "each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion." Woods failed to timely avail himself of his opportunity to be heard. Well over 30 days had elapsed when the trial court entered its order of dismissal. We find that under these circumstances, the trial court was authorized to determine that Woods' failure to appear at the court-ordered deposition was wilful. See *Daniel v. Corporate Property Investors*, 234 Ga. App. 148, 149-150 (3) (505 SE2d 576) (1998).[8]

"Pro se litigants are no less entitled to use the courts in civil matters than litigants with attorneys. . . . Yet, where one elects to use the court system, court orders and rules may not be totally ignored with impunity." *Jarallah v. Pickett Suite Hotel*, 193 Ga. App. 325, 327 (4) (388 SE2d 333) (1989). The trial court's dismissal of Woods' complaint was not a clear abuse of discretion.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

---

[7] The record does not reflect that Woods made any efforts to expedite the Court's decision on his motion to quash and motion for protective order, prior to the time of any of the noticed depositions.

[8] Woods contends that he did not receive notice of the trial court's order compelling his attendance at the deposition until March 3, 2004, the day for which the deposition was scheduled. This contention was raised in Woods' motion for reconsideration, but the record before us contains no ruling on Woods' motion. "The record citation provided by [Woods] refers this Court to his motion only, not an actual adverse ruling by the trial court. . . . Without a ruling by the trial court, there is nothing for us to review." *McCannon v. Wilson*, 267 Ga. App. 815, 817 (1) (600 SE2d 796) (2004).

Mell Woods, *pro se.*
*Charles D. Gatch*, pro se.