A05A0569. GREENBRIAR HOMES, INC. v. BUILDERS INSURANCE.
(615 SE2d 191)

PHIPPS, Judge.
Builders Insurance sued Greenbriar Homes, Inc. for money due on account. The superior court struck Greenbriar's answer and entered a default judgment against it because of Greenbriar's failure to respond to certain of Builders' discovery requests. Greenbriar appeals, contending that the court's entry of default judgment against it was not authorized for various reasons. We conclude that the superior court erred in imposing the extreme sanction of default without conducting a hearing. We, therefore, reverse and remand.

Builders filed its complaint against Greenbriar in March 2004. Following service of the complaint in April, Greenbriar filed a timely answer. In May, Builders served Greenbriar with interrogatories, a request for admissions, and a request for production of documents. Greenbriar responded to the request for admissions but failed to

---

respond to the interrogatories and request for production of documents. According to Builders, its attorney called Greenbriar's attorney in mid-July to request the additional discovery responses, but Greenbriar's attorney failed to return the call; Greenbriar's attorney, however, denies receiving such a call.

Builders served a motion for sanctions on Greenbriar by mailing the motion to Greenbriar's attorney on July 27. The motion was filed in court two days later. In the motion, Builders asked that Greenbriar's answer be stricken and that default judgment be entered based on Greenbriar's wilful failure to comply with its discovery requests. Greenbriar's attorney avers that he did not receive the motion until August 5. On August 30, the superior court signed an order granting Builders' motion for sanctions, striking Greenbriar's answer, and entering default judgment in favor of Builders. On September 1, Greenbriar filed its responses to Builders' interrogatories and request for production of documents, and on September 10, it moved to set aside the default judgment. The court did not enter an order on the motion to set aside, and Greenbriar filed a timely notice of appeal from the order entering the default judgment.

1. Builders has moved to dismiss this appeal on grounds that Greenbriar's enumeration of errors and brief fail to comply with various requirements in Court of Appeals Rules 22 and 25. Although violations of these Rules may provide grounds for affirming an appeal, rejecting a noncompliant brief and ordering the filing of a new one, or even imposing damages for frivolous appeal, they do not provide grounds for dismissing an appeal.[1] Therefore, Builders' motion to dismiss is denied.

2. Greenbriar contends that the superior court entered the default judgment prematurely because, in accordance with Uniform Superior Court Rule (USCR) 6.2, it timely filed the discovery responses within 30 days after receiving Builders' motion.

Unless otherwise ordered by the judge, USCR 6.2 requires each party opposing a motion to serve and file responsive material not later than 30 days after "service of the motion." Under OCGA § 9-11-5 (b), service of Builders' motion for sanctions was complete upon mailing. Although Greenbriar may have filed its response to the motion for sanctions along with its discovery responses within 30 days after its receipt of Builders' motion, the record shows that Greenbriar's response to the motion for sanctions was filed more than

---

[1] Compare Court of Appeals Rule 23 (appellant's failure to timely file brief may subject appeal to dismissal).

30 days after service of Builders' motion. Moreover, once a motion for sanctions for failure to make discovery has been filed, the opposing party may not preclude their imposition by making a belated response.[2] Consequently, Greenbriar's discovery responses were not timely.

3. Greenbriar also complains that Builders failed to comply with USCR 6.4 (B), which states that "[p]rior to filing any motion seeking resolution of a discovery dispute, counsel for the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the matters involved."

The conference requirement of USCR 6.4 "applies more directly to a situation where the parties disagree about what is required by the request or, for example, whether the information sought is privileged, than to the complete failure to respond to discovery."[3] Greenbriar completely failed to respond to interrogatories and a request for production of documents. USCR 6.4 (B) "does not require the moving party seeking to compel discovery to confer with counsel for the opposing party prior to filing a motion to compel where no discovery responses have been filed."[4] At least when Builders moved for sanctions, therefore, this case did not present a discovery dispute within the meaning of USCR 6.4 (B).

4. Greenbriar argues that under OCGA § 9-11-37 the court was not authorized to impose the drastic sanction of entering a default judgment absent its noncompliance with an order compelling discovery. This argument is without merit.

> OCGA § 9-11-37 (d) . . . provides for immediate sanctions, without necessity of an order compelling discovery, for "failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection." The imposition of penalties under 37 (d), however, is limited to [a total] failure to respond. [Cit.][5]

Responding partially to interrogatories or giving evasive answers "evidences a dispute between the parties which is brought before the trial court by a 37 (a) motion to compel discovery and is resolved

---

[2] *Houston Gen. Ins. Co. v. Stein Steel & Supply Co.*, 134 Ga. App. 624, 626 (1) (215 SE2d 511) (1975).

[3] *Barrego v. OHM Remediation Svcs. Corp.*, 245 Ga. App. 389, 390 (1) (537 SE2d 774) (2000) (footnote omitted).

[4] *Green v. Snellings*, 260 Ga. 751, 752 (1) (400 SE2d 2) (1991).

[5] *Orkin Exterminating Co. v. McIntosh*, 215 Ga. App. 587, 589 (3) (452 SE2d 159) (1994); see *Barron v. Spanier*, 198 Ga. App. 801, 801-802 (403 SE2d 88) (1991).

through an order to compel answers or a protective order."[6]

Here, Greenbriar's failure to respond to Builders' interrogatories and request for production of documents was total. Consequently, the court was not required to issue an order compelling discovery before entering a default judgment.

5. Finally, Greenbriar argues that the court was required to hold a hearing on the motion for sanctions before entering default judgment. This argument has merit.

Where, as here, a court has not entered a discovery order, it must conduct a hearing on the question of whether the offending party's failure to respond to discovery was wilful before imposing the extreme sanction of default or dismissal.[7] The record in this case would support (though not demand) a finding that Greenbriar's failure to make a timely response to Builders' discovery request resulted from negligence rather than wilfulness. Therefore, the judgment must be reversed and the case remanded for further proceedings.

*Judgment reversed and case remanded. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 20, 2005.

*James L. Bass*, for appellant.
*John M. Replogle*, for appellee.

---

[6] *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 439 (2) (254 SE2d 825) (1979).

[7] See *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236-237 (3) (424 SE2d 807) (1992); compare *Gen. Motors Corp. v. Conkle*, 226 Ga. App. 34, 38-40 (1) (486 SE2d 180) (1997) (when a party wilfully fails to comply with court order compelling discovery, court can impose drastic sanction of dismissal or default; trial court need not conduct hearing on issue of wilfulness in every case); *Vining v. Kimoto USA*, 209 Ga. App. 296, 297 (2) (433 SE2d 342) (1993) (trial court not required to schedule an additional hearing before determining that party's failure to comply with discovery order was wilful; party had opportunity to present any justification at hearing on motion to compel).