A06A0511. McCONNELL et al. v. WRIGHT et al.
(634 SE2d 495)

BERNES, Judge.

James and Martha McConnell appeal the trial court's order granting appellees' motion for the sanction of dismissal as a result of the McConnells' failure to attend their scheduled depositions. We find no error and affirm.

On April 1, 2004, the McConnells filed the instant lawsuit against appellees seeking damages allegedly arising from a motor vehicle accident. Thereafter, on August 30, 2004, the McConnells sent a letter terminating their former counsel, and on October 14, 2004, the trial court granted counsel's motion to formally withdraw from representation in the case.

Pursuant to the agreement of the parties, the McConnells' depositions were scheduled and noticed for November 23, 2004. On the day before the scheduled depositions, Mrs. McConnell contacted State Farm's counsel, advising that the McConnells would not be appearing for the depositions and requesting that they be rescheduled. By the parties' agreement, the McConnells' depositions were rescheduled and noticed for December 6, 2004. Again, on the day before the rescheduled depositions, Mrs. McConnell contacted State Farm's counsel to advise her that they would not be appearing and needed to reschedule. For the third time, the McConnells' depositions were scheduled and noticed for January 19, 2005 by the parties' agreement. It is undisputed that the McConnells did not request that the January 19, 2005 depositions be rescheduled. Although appellees'

counsel and a court reporter were present for the January 19, 2005 depositions, the McConnells failed to appear.[1]

On January 20, 2005, "a *prospective* new attorney for [the McConnells] contacted [appellees' counsel] and indicated he had been informed by [the McConnells] of the January 19 depositions, but he gave no explanation for [their] failure to attend or provide notice of cancellation."[2]

On January 25, 2005, appellees filed a motion seeking the sanction of dismissal, asserting that the McConnells' repeated re-scheduling and failure to appear for the depositions established their intentional and wilful noncompliance with discovery. At that time, no entry of appearance of substitute counsel had been filed,[3] and, thus, the McConnells were served directly as pro se parties at the same address and in the same manner as previous pleadings and correspondence.

The McConnells failed to respond to the motion. Four months later, the trial court entered its order granting appellees' motion, dismissing the lawsuit.

Approximately four weeks after entry of the dismissal order, the McConnells filed a motion to set it aside. The following day, however, the McConnells filed a notice of appeal to this court, which divested the trial court of jurisdiction to consider the McConnells' motion pending the appeal. *Threatt v. Forsyth County*, 250 Ga. App. 838, 844 (2) (552 SE2d 123) (2001).

1. The McConnells claim that the trial court abused its discretion in imposing the sanction of dismissal and in failing to provide a hearing on the motion. We disagree.

OCGA § 9-11-37 (d) authorizes immediate sanctions for a party's failure to attend his or her own deposition, without necessity of an order compelling discovery. *Greenbriar Homes v. Builders Ins.*, 273 Ga. App. 344, 346 (4) (615 SE2d 191) (2005). "Trial courts have broad discretion to control discovery, including the imposition of sanctions. Absent the showing of a clear abuse of discretion, a court's exercise of that broad discretion will not be reversed." (Punctuation and footnote

---

[1] The occurrences of scheduling, rescheduling, and the McConnells' ultimate failure to appear for the January 19, 2005 depositions were set forth in the appellees' motion for sanctions, brief in support, the affidavit of Kimberly A. McNamara (appellees' counsel), and the amended notices of deposition submitted to the trial court in support of the motion. Thus, we do not believe that the trial court was misinformed concerning the circumstances surrounding the first two attempts to depose the McConnells.

[2] The dissent asserts that appellees' counsel "apparently did not reveal that a motion for sanctions would be filed" during the discussion with the McConnells' prospective new counsel. The record is simply silent on this issue.

[3] The McConnells' new counsel did not file a notice of appearance until January 28, 2005, after the motion for sanctions was filed.

omitted.) *ASAP Healthcare Network v. Southwest Hosp. & Med. Center*, 270 Ga. App. 76, 77 (1) (606 SE2d 98) (2004).

The general rule is that before the discovery sanction of dismissal can be imposed, the trial court must conduct a hearing and find that the recalcitrant party acted wilfully. *Loftin v. Gulf Contracting Co.*, 224 Ga. App. 210, 215 (3) (480 SE2d 604) (1997). However, "the trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." (Footnote omitted.) *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 182-183 (402 SE2d 723) (1991). See also *Daniel v. Corporate Property Investors*, 234 Ga. App. 148, 149-150 (3) (505 SE2d 576) (1998). "A hearing has not been required where the wilfulness of the recalcitrant party is obvious and undeniable from the record." (Footnote omitted.) *Largo Villas Homeowners' Assn. v. Bunce*, 279 Ga. App. 524 (631 SE2d 731) (2006).[4]

Thus, we held in *Oliff v. Smith*, 214 Ga. App. 358, 359 (447 SE2d 707) (1994) that no hearing was necessary before imposing sanctions, where the record showed that the plaintiff had repeatedly delayed serving discovery responses and had only offered that she was "out of pocket" as an explanation for her failure to timely respond. Moreover, we have ruled that "[w]illfulness is implied by the total failure to respond to discovery when no reason or excuse is offered in response to a motion to compel." (Citations and punctuation omitted.) *Daniel*, 234 Ga. App. at 149 (2). Accordingly, in *Daniel*, we held that no hearing on the motion for sanctions was necessary, where the plaintiff failed to respond to discovery requests, failed to appear for his properly noticed deposition, and failed to respond to the motion to compel and for sanctions during the four months the motion remained pending. Id. at 149-150 (3). Likewise, in *Woods v. Gatch*, 272 Ga. App. 642, 644 (613 SE2d 187) (2005), we affirmed the trial court's order of dismissal entered without a hearing since a finding of wilfulness was authorized by the plaintiff's failure to attend a court-ordered deposition, failure to respond to the motion for sanctions, and failure to inform the court of any justification until three weeks after the trial court entered its order dismissing the case.

---

[4] There is no requirement that the plaintiff display and the trial court find actual wilfulness. The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful.
(Citation and punctuation omitted.) *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (3) (424 SE2d 807) (1992) (whole court).

In the instant case, the facts and circumstances presented to the trial court prior to its entry of the dismissal order established that after the McConnells had delayed and rescheduled their depositions three times, they totally failed to appear for the January 19, 2005 scheduled depositions.[5] In addition, the McConnells failed to respond to the motion for sanctions filed by the appellees during the four months that it remained pending prior to the trial court's order. The McConnells made no effort to inform the trial court of any reason for their failure to appear and to respond to the motion until four weeks after the entry of the dismissal order, at which time they filed a motion to set aside the order.

We conclude that the circumstances presented in the present case closely resemble those in *Woods* and *Daniel*. Because the McConnells failed to appear for their noticed January 19 depositions, and failed to respond in opposition to the motion for sanctions, the trial court was authorized to infer wilfulness from their complete unresponsiveness, and its imposition of the sanction of dismissal, without the conduct of a hearing, was authorized.

In their motion to set aside the dismissal order and in their appellate briefs, the McConnells claimed that they requested rescheduling so that they could obtain substitute counsel, not in efforts to avoid the depositions. The McConnells and their new counsel also claimed that they failed to respond to the motion for sanctions because they did not receive notice of it. The dissent considers and accepts these claims as true in its conclusion that the trial court abused its discretion in granting the motion for sanctions. However, it is undisputed that the McConnells failed to respond to the motion for sanctions, and thus, their belated claims were not presented prior to the trial court's ruling on the dispositive motion. "Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be [considered] on appeal." (Citations and punctuation omitted.) *RC Cola Bottling Co. v. Vann*, 220 Ga. App. 479, 480 (1) (469 SE2d 523) (1996). See also *Turner v. Mize*, 280 Ga. App. 256 (633 SE2d 641) (2006); *Norman v. Jones Lang LaSalle Americas*, 277 Ga. App. 621, 630 (3) (a), n. 8 (627 SE2d 382) (2006); *Piedmont Hosp. v. Reddick*, 267 Ga. App. 68, 72 (3) (599 SE2d 20) (2004). Likewise, we cannot consider these claims presented for the first time in the motion to set aside since they have not been ruled upon by the trial court. "Without a ruling by the trial court, there is nothing for us to review." *McCannon v. Wilson*, 267 Ga.

---

[5] The depositions were repeatedly scheduled and rescheduled, yet the McConnells failed to retain new counsel in the interim. Appellees were not required to postpone the litigation until the McConnells eventually hired new counsel.

App. 815, 817 (1) (600 SE2d 796) (2004). The McConnells' remedy for their alleged lack of notice in the trial court is to pursue a motion to set aside pursuant to OCGA § 9-11-60 (d) (2). Cf. *Schrembs*, 261 Ga. at 183, n. 5.

2. The McConnells also contend that the trial court erred by dismissing the entire lawsuit in favor of all the defendants when the deposition notices were served only by counsel for State Farm. Again, we disagree.

The Supreme Court of Georgia has held that a nonnoticing defendant, who attended a noticed deposition, is authorized to seek sanctions against a plaintiff who fails to attend his or her own deposition. *South Ga. Med. Center v. Washington*, 269 Ga. 366, 367-368 (2) (497 SE2d 793) (1998). The record reflects that counsel for each of the appellees was present at the January 19, 2005 depositions, and each of the appellees joined in the motion for sanctions.

The McConnells nonetheless argue that it was improper for the dismissal to apply to defendant Antoinette Wright, who they contend did not join in the motion for sanctions or establish that she attended the scheduled January 19, 2005 deposition. But, State Farm's involvement in this case was as an uninsured motorist carrier, and its representation, including the filing of pleadings, service of notices, and attendance at the deposition, was conducted in the name of Wright. See OCGA § 33-7-11 (d);[6] *Home Indem. Co. v. Thomas*, 122 Ga. App. 641 (178 SE2d 297) (1970). The trial court thus was authorized to dismiss all appellees from the lawsuit. OCGA § 9-11-37 (b) (2) (C), (d) (1).

*Judgment affirmed. Andrews, P. J., Johnson, P. J., Blackburn, P. J., and Miller, J., concur. Barnes and Ellington, JJ., dissent.*

BARNES, Judge, dissenting.

Because the trial court abused its discretion in dismissing this complaint without a hearing after these pro se plaintiffs did not appear at their scheduled depositions on a single occasion, I respectfully dissent. Such a dismissal is only authorized in the most flagrant cases, and the entire record of this case, even disregarding the McConnells' affidavits[7] filed with their motion to set aside, shows that, at worst, this is a case of negligence, not wilfulness.

---

[6] Pursuant to OCGA § 33-7-11 (d), in an action where a known owner or operator alleged to be uninsured is named as a defendant, the uninsured motorist insurer "shall have the right to file pleadings and take other action allowable by law in the name of either the known owner or operator or both or itself." This statutory right allows the uninsured motorist insurer to make an election to participate indirectly in the proceedings, without becoming a named party, by filing pleadings in the name of the alleged uninsured defendant. See *Home Indem. Co. v. Thomas*, 122 Ga. App. 641 (178 SE2d 297) (1970).

[7] These affidavits explain fully the reasons why they did not attend their depositions.

The record shows that State Farm's counsel knew that the earlier depositions were rescheduled by agreement, yet represented to the trial court that the McConnells repeatedly failed to attend the depositions for no good reason and "wilfully failed to attend three (3) depositions." Moreover, the motion repeatedly recites that the McConnells did not attend the depositions without securing a protective order even though the depositions were rescheduled by consent which, of course, obviates the need for a protective order.

The motion also shows that the day after the deposition was scheduled, State Farm's counsel spoke with the McConnells' new counsel, yet apparently did not reveal that a motion for sanctions would be filed. Also, the McConnells' new lawyer filed an entry of appearance on January 26, 2005, the day after the defendants filed their motion for sanctions, but no copy of the motion was ever served upon him. The failure to serve a copy of the motion on the new counsel, under these circumstances, is inexplicable.

This conduct should not be condoned by affirming this dismissal. As Justice Benham noted, courts should "not condone a refusal to act out of a spirit of cooperation and civility and not wholly out of a sense of blind and unbridled advocacy." (Citation and punctuation omitted.) *Green v. Green*, 263 Ga. 551, 554 (2) (437 SE2d 457) (1993) (denial of motion to set aside judgment reversed because counsel made no effort to inform pro se party of calendar call).

The record shows that the McConnells were participating in discovery. Less than two months after their answer was filed they filed Rule 5.2 certificates establishing that they had responded to Mazda North America's first interrogatories, Mazda Corporation's first request for documents, and State Farm's requests for admissions, interrogatories, requests for production of documents, and notice to produce. About two months after that, the McConnells' lawyer's motion to withdraw as their counsel was granted. Nevertheless, the affidavit from State Farm's attorney shows that they did not abandon the discovery process. The McConnells called before those first two depositions, which were rescheduled by agreement, as shown by the State Farm attorney's letters to the McConnells with the new deposition dates, accompanied by formal Notices of Deposition. Despite this record, the defendants' motion argued that the McConnells failed to appear for their depositions three times and "entirely disregarded the Georgia Civil Practice Act by completely failing to participate in the discovery process." The McConnells' only sanctionable discovery error was to miss one scheduled deposition, not three.

That single discovery violation in this case was committed by two pro se plaintiffs who were attempting to find a new lawyer, who had participated in discovery, and who had diligently contacted opposing

counsel throughout the process. "Customarily, in dealings between lawyers, the time and place of deposition is often changed on request, and we find no reason for the application of a different practice in a pro se matter." *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981) (reversing trial court's sanction of dismissing complaint after pro se plaintiff sought change of deposition time and place and opposing counsel did not respond).

This is not flagrant discovery abuse that warrants the most extreme sanction of dismissal. Consequently, as no motion to compel had been issued, a hearing was required to determine whether the failure to appear was wilful and whether alternate sanctions, if any, were more appropriate than a dismissal.

The majority finds the facts of this case similar to those in *Woods v. Gatch*, 272 Ga. App. 642 (613 SE2d 187) (2005), but the trial court in *Woods* had issued a prior order to compel attendance at a deposition. Thus, the plaintiff's failure to comply with the court's order warranted the dismissal. In *Daniel v. Corporate Property Investors*, 234 Ga. App. 148 (505 SE2d 576) (1998), an unanswered motion to compel was pending for several months, before the defendant amended the motion to seek the sanction of dismissal, and all of the cases relied on in *Daniel* involved the failure to respond after orders to compel discovery were issued.

A case may be dismissed without a hearing if the trial court had issued an order compelling discovery that was not obeyed, and if the court can determine from the record that the failure to obey the order was wilful. *Vining v. Kimoto USA*, 209 Ga. App. 296, 297 (2) (433 SE2d 342) (1993) (appellant had opportunity to present legal justification or mitigating circumstance at hearing on motion to compel, so second hearing unnecessary). A "wilful" failure to act is a "conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful." (Citation and punctuation omitted.) *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (3) (424 SE2d 807) (1992).

In some instances, the total failure to comply with discovery may be sanctioned without first issuing an order to compel. OCGA § 9-11-37 (d). But without an order to compel outstanding, the trial court "must conduct a hearing on the question of whether the offending party's failure to respond to discovery was wilful before imposing the extreme sanction of default or dismissal." (Footnote omitted.) *Greenbriar Homes v. Builders Ins.*, 273 Ga. App. 344, 347 (5) (615 SE2d 191) (2005) (reversing trial court's dismissal of case for discovery violations without a hearing, where no order to compel outstanding). See also *Stolle v. State Farm &c. Ins. Co.*, supra, 206 Ga. App. at 236-237 (3) (affirming trial court's dismissal of case for discovery violations after a hearing, where no order to compel outstanding). Dismissing a

case for discovery violations is warranted "only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice. (Cit.)" (Citations and punctuation omitted.) *Harwood v. Great American Mgmt. &c.*, 171 Ga. App. 488, 490 (320 SE2d 269) (1984).

> A failure to make any timely response to interrogatories authorizes the invocation of sanctions under subsection (d), regardless of the reason for the failure. However, in determining the particular sanctions to be imposed, this discretion is not without limits. Where the trial court exercises its discretion under subsection (d) to strike or bar the support of defenses in a manner that has the effect of establishing liability in the case, such harsh sanctions should be utilized only in cases of a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance.

(Citations and punctuation omitted.) *Kemira, Inc. v. Amory*, 210 Ga. App. 48, 51 (1) (435 SE2d 236) (1993).

Although "[t]rial courts have broad discretion to control discovery, including the imposition of sanctions, . . . [i]n determining the particular sanctions to be imposed, this discretion is not without limits." (Punctuation and footnotes omitted.) *ASAP Healthcare Network v. Southwest Hosp. &c.*, 270 Ga. App. 76, 77-78 (1) (606 SE2d 98) (2004).

> When a party fails to obey an order to provide or permit discovery, including an order to produce, the trial court has the option of imposing several sanctions of which the most severe is that imposed here — striking out pleadings and rendering judgment by default against the disobedient party. As a general rule, a trial court should attempt to compel compliance with its orders through the imposition of less drastic sanctions, reserving the sanctions of dismissal and default for the most flagrant cases — where the failure to comply is wilful, in bad faith or in conscious disregard of an order.

(Footnotes omitted.) *Motani v. Wallace Enterprises*, 251 Ga. App. 384, 385 (1) (554 SE2d 539) (2001). In this case, although no order to compel was pending, the trial court apparently did not consider the option of imposing less drastic sanctions, possibly because it misunderstood the facts because of the defendants' representations.

These facts are very different from those in *King v. Bd. of Regents &c. of Ga.*, 238 Ga. App. 4 (516 SE2d 581) (1999), in which we affirmed

the dismissal of a complaint for a plaintiff's refusal to attend a deposition despite the trial court's order compelling plaintiff to do so. The order of dismissal was supported by an eight-page order in which the trial court detailed the evidence of the plaintiff's wilfulness and repeated abuse of the discovery process. The facts also do not approach those of *James v. Gray*, 229 Ga. App. 39, 40 (494 SE2d 198) (1997), in which we affirmed the dismissal of a complaint based in part on evidence that, after plaintiff's counsel called opposing counsel to confirm on the day of the deposition and obtained directions, he called back to say his client would not appear.

The defendants have not shown flagrant disobedience in this case, and the trial court abused its discretion in dismissing their complaint without a hearing. Therefore, we should remand the case for a hearing. For these reasons, I respectfully dissent to the majority opinion.

I am authorized to state that Judge Ellington joins in this dissent.

DECIDED JULY 14, 2006 — 

*Conoscienti & Kendall, Joseph A. Conoscienti, Michael C. Kendall, Maureen E. Murphy*, for appellants.

*Harper, Waldon & Craig, Russell D. Waldon, Kimberly A. McNamara, Kilpatrick Stockton, Jason Wenker, Wayne C. Wilson*, for appellees.