S06G2026. McCONNELL et al. v. WRIGHT et al.
(644 SE2d 111)

MELTON, Justice.

In *McConnell v. Wright*, 280 Ga. App. 546 (634 SE2d 495) (2006), the Court of Appeals affirmed the trial court's dismissal of James and Martha McConnell's personal injury action as a sanction for the McConnells' failure to attend their depositions. Prior to imposing this sanction, however, the trial court did not hold a hearing to determine whether the McConnells had acted willfully. We granted certiorari to determine whether, in the absence of such a hearing, the extreme sanction of dismissal was appropriate in this case. For the reasons set forth below, we reverse.

The record shows that, on April 1, 2004, the McConnells filed suit against the defendants for personal injury damages arising from an auto accident. State Farm Mutual Automobile Insurance Company later joined the litigation as a potentially liable underinsured motorist carrier. At the time that the McConnells filed their complaint, they were represented by counsel, and it is undisputed that the McConnells complied with defendants' discovery requests during the early part of the litigation. On October 14, 2004, the McConnells' counsel was allowed to withdraw from the case after the McConnells sent a letter to him in which they terminated his representation. Thereafter, State Farm contacted the McConnells, and, by agreement, depositions of the McConnells were scheduled for November 23, 2004. On the evening before the deposition, the McConnells contacted State Farm and asked to reschedule the depositions, apparently because they had not yet retained replacement counsel. With State Farm's consent, the depositions were then rescheduled for December 6, 2004. Again, just prior to this second deposition date, the McConnells contacted State Farm and requested that the depositions be rescheduled. State Farm agreed, and the depositions were reset for January 19, 2005. In the interim, the McConnells spoke to an attorney about representing them, and some time prior to the January depositions, the McConnells contacted State Farm and told them that they had had an "initial conference with a lawyer who may represent them."

State Farm asked to be notified when the new attorney was retained. No further communication occurred between the parties, and the McConnells failed to show up for their depositions on January 19, 2005. The McConnells now explain that, because the depositions had been previously rescheduled with State Farm's agreement due to their lack of counsel, they believed that the third date would also be rescheduled after they updated State Farm that they were still in the process of retaining counsel.

On January 25, 2005, State Farm filed a motion to dismiss the McConnells' action as a sanction for failing to satisfy their discovery obligations pursuant to OCGA § 9-11-37, and on January 28, 2005, the McConnells' new counsel filed an entry of appearance on their behalf. The McConnells contend that they were never served with the motion to dismiss, and the McConnells' attorney also maintains that he never received the motion. For this reason, the McConnells state that they did not respond to the motion to dismiss. On May 23, 2005, the trial court granted the defendants' motion to dismiss without holding a hearing to determine whether the McConnells had acted willfully.

OCGA § 9-11-37 (b) (2) does allow a trial court to dismiss an action or enter a default judgment for failure to comply with discovery in some situations. "We have [previously] cautioned against the use of these harsher sanctions except in extreme cases, *Swindell v. Swindell*, 233 Ga. 854, 856 (2) (213 SE2d 697) (1975), and have held that the trial court must find wilfulness as a predicate to imposing the sanctions." *Schrembs v. Atlanta Classic Cars, Inc.*, 261 Ga. 182 (402 SE2d 723) (1991). We have also held that,

> [i]n essence, what the law contemplates under OCGA § 9-11-37 is a two-step proceeding before the ultimate sanction of dismissal or default judgment may be imposed. First, a motion to compel must be filed and granted; second, after the party seeking sanctions notifies the court and the obstinate party of the latter's failure to comply with the order granting the motion to compel and of the moving party's desire for the imposition of sanctions, the trial court may apply sanctions after giving the obstinate party an opportunity to be heard and determining that the obstinate party's failure to obey was willful.

*Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 211 (3) (538 SE2d 441) (2000).

In some exceptional cases, however, a hearing is not absolutely necessary. "[T]he trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose

where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." (Footnote omitted.) *Schrembs*, supra, 261 Ga. at 182-183. For example, in a case where a trial court has already conducted a hearing on a prior motion to compel, the record may already contain enough evidence of the obstinate party's willful behavior to support the conclusion that any hearing on the issue of willfulness would simply be duplicative. See id. This case, however, is not the type of exceptional case where a hearing on willfulness is not necessary. No motion to compel was filed against the McConnells, no hearing of any type was held, and "[t]he record . . . would support (though not demand) a finding that [the McConnells'] failure to [attend their depositions] resulted from negligence rather than wilfulness." *Greenbriar Homes, Inc. v. Builders Ins.*, 273 Ga. App. 344, 347 (5) (615 SE2d 191) (2005). Given these facts, a hearing on willfulness was required in this case. Had there been evidence on the face of the record showing that the McConnells acted willfully, the result of this case might be different. Based on the record currently before us, however, the Court of Appeals erred by affirming the trial court's dismissal of the McConnells' action. The judgment of the trial court should be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 24, 2007.

*Talley, French & Kendall, Michael C. Kenda, Joseph A. Conoscienti, Maureen E. Murphy*, for appellants.

*Harper, Waldon & Craig, Russell D. Waldon, Kimberly Ann McNamara, King & Spalding, Rahmah A. Abdulaleem, Andrew T. Bayman, Althea Prince-Dublin, Fain, Major, Wiley & Brennan, Charles A. Wiley, Jr., Wayne C. Wilson*, for appellees.