A10A1588, A10A1861. COCHRAN et al. v. KENNELLY;
and vice versa.
(703 SE2d 411)

SMITH, Presiding Judge.

This dispute arose out of a listing agreement between the seller of real property and a broker. In Case No. A10A1588, the seller William Cochran and Cochran's Service Center and Sales, Inc. (collectively "the Cochran defendants") appeal from the trial court's final judgment in favor of Kathryn P. Kennelly d/b/a KPK Commercial ("Kennelly") on her claim for a commission following the sale of the property. In Case No. A10A1861, Kennelly appeals from the trial court's denial of her motions to dismiss the Cochran defendants'

appeal and for supersedeas bond. We affirm in Case No. A10A1588, but hold that the court erred in denying Kennelly's motion for supersedeas bond and therefore affirm in part and reverse in part in Case No. A10A1861.

The record reveals that in December 1999, William Cochran entered into a listing agreement with Kennelly for the sale of certain real property.[1] Under the agreement, Kennelly was to receive a commission of 10 percent of the "gross sales price" of the property. The agreement provided that even if the property was not sold "by or through the efforts" of Kennelly, she would still receive the commission.

Kennelly marketed the property for a year. But in October 2000, unbeknownst to Kennelly, the Cochran defendants entered into an agreement to sell the property to a church for $1,150,000. The sale to the church closed in May 2001, and the Cochran defendants do not dispute that the property was sold for $1,150,000. In May 2002, Kennelly filed a complaint against the Cochran defendants and the closing attorney to recover her expected 10 percent commission of $115,000, and she later amended her complaint to seek 18 percent interest from the date of the closing.

Kennelly served the Cochran defendants with interrogatories and a request for the production of documents on December 11, 2002. When they failed to respond to the discovery requests after more than four months, Kennelly filed a motion for sanctions. The trial court granted the motion and required the Cochran defendants to respond to the discovery requests by December 1, 2003.

The Cochran defendants filed a response to Kennelly's requests for discovery on December 1, but the response was incomplete and several attachments were omitted. After Kennelly informed them of the deficiencies and they still failed to supplement the responses, Kennelly moved to strike their answers. The trial court granted Kennelly's motion to strike and entered a default judgment against the Cochran defendants. The court subsequently entered a final judgment against the Cochran defendants in the "liquidated principal sum" of $115,000, and ordered Kennelly's counsel to submit an affidavit setting forth the amount of attorney fees sought.

### Case No. A10A1588

1. In three enumerations, the Cochran defendants assert that the trial court erred in entering a default judgment against them

---

[1] The agreement lists only William Cochran as the seller, but Kennelly alleged that William Cochran retained her on his own behalf and on behalf of Cochran Service Center and Sales, Inc.

without a hearing. "Where a party fails to comply with a discovery order, the trial court has available to it several sanctions under OCGA § 9-11-37 (b) (2) of which the harshest is that imposed here, dismissal and default. OCGA § 9-11-37 (b) (2) (C)." *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991).

> Before imposing the ultimate sanction of dismissal or default judgment for failure to comply with discovery, the trial court must first determine, following notice and an opportunity to be heard, that the party's failure to comply with the order granting the motion to compel was wilful . . . . However, the trial court need not conduct an evidentiary hearing on the issue of wilfulness in those cases where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought.

(Citations, punctuation and footnote omitted.) *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 211 (3) (538 SE2d 441) (2000). And

> [w]here a motion for sanctions is brought under OCGA § 9-11-37 (b) (2) for a party's failure to comply with an order compelling answers, the existence or non-existence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of interrogatories and ending with service of answers. Events transpiring during this entire time period are probative of whether appellant acted with conscious indifference to the consequences of failure to comply with the order compelling answers.

(Citation and punctuation omitted.) *Schrembs*, supra, 261 Ga. at 183. "Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion." (Citations and footnote omitted.) *Amaechi v. Somsino*, 259 Ga. App. 346, 347 (577 SE2d 48) (2003).

Here, the record reveals that Kennelly served the Cochran defendants with interrogatories and a request for the production of documents on December 11, 2002. Kennelly's counsel averred that on January 16, 2003, during Kennelly's deposition, he gave counsel for the Cochran defendants another copy of the December 11, 2002 discovery request. Kennelly sent counsel three letters between January 31 and March 27, 2003 requesting that they respond. The Cochran

defendants did not move for a protective order or for an extension of time to respond. In April 2003, Kennelly moved for sanctions or, alternatively, to compel discovery responses. The Cochran defendants claim that they first filed a response on June 9, 2003,[2] but that Kennelly's counsel informed them the responses were inadequate.[3] The trial court granted Kennelly's motion to compel in November 2003.

In granting Kennelly's motion to compel, the trial court ordered the Cochran defendants to "respond to [Kennelly]'s discovery requests, served on or about December 11, 2002, and, more specifically, Defendant William Jackson Cochran is hereby ordered to provide his signature in order for [Kennelly] to obtain copies of tax returns . . . no later than December 1, 2003." The court warned that it would strike William Cochran's answer if he failed to comply. The record reflects that William Cochran submitted the requested tax returns, but his counsel did not sign the discovery responses, William Cochran's driver's license number was not provided as requested, and Exhibits "E" and "K" referred to in the Cochran defendants' response to the request for the production of documents were omitted. Although the response contained an Exhibit "B," it was unclear as to whether the responses should have also contained Exhibits "A," "C," or "D." In some responses, the Cochran defendants indicated that the requested documents were public records and suggested they could be obtained by Kennelly herself.

Kennelly sent counsel for the Cochran defendants a letter informing him of the deficiencies in his response to the discovery request. When the Cochran defendants failed to respond or supplement the discovery responses, Kennelly moved to strike their answers to the complaint. The Cochran defendants responded to the motion to strike arguing that they "fully complied with said order," that they made a good faith effort to respond to discovery, and that there was no ruling by the trial court that the responses were legally insufficient. The trial court granted the motion to strike finding that the Cochran defendants "failed to comply with the Court's . . . Order inasmuch as they have failed to comply with the spirit of said Order desiring that said discovery responses be sufficient in light of Plaintiff's Motion for Sanctions."

The record here supports the trial court's finding of wilfulness. The Cochran defendants did not file responses to Kennelly's request for interrogatories and production of documents within the time

[2] The record contains certificates of service stating that the discovery responses were served June 4, 2003.

[3] This response is not part of the record here on appeal except as part of the responses subsequently filed on December 1, 2003.

period prescribed by OCGA §§ 9-11-33 (a) (2) and 9-11-34 (b) (2), and they only filed a response to the request after the trial court's grant of Kennelly's initial motion to compel and for sanctions. Even when the Cochran defendants received notice that the responses were inadequate or incomplete, they did not file a response to the notice, did not supplement the responses, and only after Kennelly moved to strike their answers did they file a response claiming that they substantially complied with the discovery request. Under these circumstances, we cannot say that the trial court erred in failing to conduct a hearing on wilfulness. See *Schrembs*, supra, 261 Ga. at 183-184; *Johnson v. Lomas Mtg. USA*, 201 Ga. App. 562, 564-565 (3) (411 SE2d 731) (1991) (finding of wilfulness could be made from the record without conducting a separate hearing).

2. In three enumerations, the Cochran defendants assert that the trial court erred in entering judgment against them because Kennelly's damages were unliquidated. They argue that Kennelly's commission was "not to be determined until the amount of cash received by the Defendant Cochran was known and paid and there is no record evidence of what amount this was." The Cochran defendants argue further that this amount could have been affected by tax liens, escrow agreement, and creditor's claims. In support of their arguments, they point to a handwritten special stipulation in the listing agreement that provided: "In the event less monies are collected at closing, Broker shall receive 10% of cash collected at closing and 10% of additional monies received."

The trial court entered a default judgment against the Cochran defendants. And

> [a]s a rule, a judgment by default properly entered against parties sui juris operates as an admission by the defendant of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. . . . Further, a defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of ex delicto or unliquidated ex contractu damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery.

(Citations and punctuation omitted.) *NorthPoint Group Holdings v. Morris*, 300 Ga. App. 491, 495 (2) (685 SE2d 436) (2009). Therefore, the Cochran defendants admitted by default every material allegation of Kennelly's complaint, including the allegation that she was entitled to the liquidated amount of $115,000 — 10 percent of the

sales price of the property, which they do not contest was $1,150,000. "A debt is liquidated when it is rendered certain what is due and how much is due. That certainty need not be contemporaneous with the agreement out of which it results." (Citation and punctuation omitted.) *Henry v. Adair Realty Co.*, 141 Ga. App. 182, 183 (1) (233 SE2d 39) (1977). The amount sought by Kennelly and awarded by the trial court was liquidated. This enumeration is therefore without merit.

3. The trial court ordered that

> [Kennelly's] attorney shall submit an affidavit setting forth the amount of attorney's fees sought by [Kennelly] within fifteen (15) days of the entry of this Order. If the Cochran Defendants object to the amount of attorney's fees sought by [Kennelly], the Cochran Defendants shall file an objection to the attorney's fees and the Court will schedule a hearing.

The Cochran defendants contend that the court should hold a hearing on attorney fees before Kennelly is given the opportunity to submit an affidavit concerning the fees. But they have cited no authority requiring that a hearing be held before a party submits an affidavit concerning fees. And in any case, we find no harm in the court holding a hearing *after* the Cochran defendants file any objection.

### Case No. A10A1861

4. Kennelly contends that the trial court erred in denying her motion to dismiss the Cochran defendants' appeal. She argues that because they failed to file the transcript within 30 days and failed to request an extension of time, their appeal should have been dismissed. But because Kennelly has failed to include a transcript of the hearing on the motion, specifying in her notice of appeal that "[a] transcript of evidence and proceedings of the hearing on July 28, 2009 will not be filed for inclusion in the record on appeal," we must assume the trial court's ruling was correct. *Scott Brothers, Inc. v. Warren*, 261 Ga. App. 285, 286 (1) (582 SE2d 224) (2003).

5. Kennelly argues that the trial court erred in denying her motion for a supersedeas bond. We agree. Having received a judgment for the recovery of money, Kennelly exercised her statutory right to move the trial court for a supersedeas bond. See *Barngrover v. Hins*, 289 Ga. App. 410, 414 (3) (657 SE2d 14) (2008). And the trial court "was obligated to require [the Cochran defendants] to post a supersedeas bond in the full amount of the judgment, including

costs, interest, and damages, unless, after notice and hearing, it found good cause for fixing a lesser amount." (Citation omitted.) Id.; see OCGA § 5-6-46 (a) (upon motion made in the trial court before or after an appeal is docketed in the appellate court, the trial court *shall* require a supersedeas bond). We therefore reverse Case No. A10A1861 in part and remand for further proceedings consistent with this opinion.

*Judgment affirmed in Case No. A10A1588. Judgment affirmed in part and reversed in part, and case remanded in Case No. A10A1861. Barnes, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 17, 2010.

*Case No. A10A1588*

*Martenson, Hasbrouck & Simon, Robert D. Feagin*, for appellants.

*Perry A. Phillips*, for appellee.

*Case No. A10A1861*

*Perry A. Phillips*, for appellant.

*Marcus G. Howell, Sr.*, for appellees.