**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 14, 2013**

# In the Court of Appeals of Georgia

A13A0380. TAYLOR et al. v. MARSHALL.

ANDREWS, Presiding Judge.

Joshua Taylor and Lauren Thomas (plaintiffs below) appeal after the trial court granted Anne Marshall's motion for sanctions and struck their complaint. For reasons that follow, we reverse the order dismissing the action with prejudice and remand for a hearing on whether plaintiffs's failure to comply with discovery was wilful.

This case arose following an automobile accident. Taylor and Thomas sued Marshall, claiming that her negligence caused both property damage and personal injuries. Marshall answered and served interrogatories and requests for production of documents on both Taylor and Thomas on October 10, 2011. On the same date, Marshall also noticed both their depositions for January 11, 2012.

Plaintiffs's counsel cancelled the depositions for January and both were rescheduled for February 20, 2012. On February 17, counsel again stated that he could not attend the depositions and they would have to be rescheduled.

On February 20, 2012, Marshall's counsel notified plaintiffs that she had received no response to discovery from Thomas and no response to the request for production of documents from Taylor. Taylor had responded to the interrogatories, but the responses were incomplete and referred to attachments that were not included. The memo went on to state that plaintiffs had twice cancelled depositions and this was the last good faith attempt to resolve the disputes without court intervention.

Marshall filed a motion for sanctions on April 5, 2012. The court issued its order granting the motion and dismissing the case with prejudice on June 26, 2012. Plaintiffs did not submit any response to the motion.

After the court issued its order, plaintiffs filed a motion to set aside, contending that they did not wilfully fail to comply with discovery, pointing out that the court did not hold a hearing on the issue, and the trial court's order did not find that their failure to comply with discovery was wilful. Plaintiffs's counsel attached an affidavit to the motion explaining that he and his wife were the only two members of the firm and her father had been ill. As a result, plaintiffs's counsel had added child care and

caseload burdens to handle. The trial court denied the motion to set aside and this appeal followed.

Taylor and Thomas argue that the trial court erred in striking their complaint without first conducting a hearing and without determining that their failure to respond to discovery was wilful. We agree.

> The law authorizing the imposition of sanctions for discovery-related abuses is not ambiguous, uncertain, or arcane. OCGA § 9-11-37 (d) (1). Provided proper discovery procedures are followed, when a party fails to appear for a properly noticed deposition, or fails to answer or object to interrogatories properly submitted under OCGA § 9-11-33, or after appropriate service fails to respond to document requests, a trial court may take any action delineated under OCGA § 9-11-37 (b) (2) (A)-(C). Id.; see *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, 439 (2) (254 SE2d 825) (1979). Among several other options, subsection (b) (2) (C) authorizes a court to enter an order "dismissing the action or proceeding or any part thereof." OCGA § 9-11-37 (b) (2) (C). Moreover, an order compelling discovery is not a condition precedent for the imposition of sanctions under subsection (d). *Cook v. Lassiter,* 159 Ga. App. 24, 25 (282 SE2d 680) (1981). All that is required is a motion, notice, and a hearing.

*Rivers v. Almand*, 241 Ga. App. 565, 566 (527 SE2d 572) (1999). See also *McConnell v. Wright*, 281 Ga. 868, 869 (644 SE2d 111) (2007) (trial court may apply sanctions

3

after giving the obstinate party an opportunity to be heard and determining that the obstinate party's failure to obey was wilful).

It is true that, in some exceptional cases, a hearing is not absolutely necessary. For example, in *McConnell*, the Court stated that "where a trial court has already conducted a hearing on a prior motion to compel, the record may already contain enough evidence of the obstinate party's willful behavior to support the conclusion that any hearing on the issue of willfulness would simply be duplicative." Id. at 870. The Court held that *McConnell* was "not the type of exceptional case where a hearing on willfulness is not necessary. No motion to compel was filed against the McConnells, no hearing of any type was held, and the record would support (though not demand) a finding that [the McConnells'] failure to [attend their depositions] resulted from negligence rather than wilfulness. Given these facts, a hearing on willfulness was required in this case." Id. at 870.

Likewise, in the case before us, there was no motion to compel prior to filing the motion for sanctions, there was no hearing on the motion for sanctions, and there is nothing in the record before us that demands a finding that plaintiffs's re-scheduling of their depositions and failure to respond to certain discovery was wilful. Accordingly, the judgment of the trial court should be reversed and the case

4

remanded for further proceedings not inconsistent with this opinion. See *McConnell*, supra at 870; *Rouse v. Arrington*, 283 Ga. App. 204, 207 (641 SE2d 214) (2007) ("Because the record does not establish without dispute that Rouse's failure to comply with the court order was wilful, we reverse the order of the trial court dismissing the complaint with prejudice and remand for a hearing on the issue of wilfulness.").

*Judgment reversed and case remanded. Dillard and McMillian, JJ., concur.*