**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 30, 2019**

# In the Court of Appeals of Georgia

A19A0014. PORTMAN v. ZIPPERER et al.

RICKMAN, Judge.

Michael Portman appeals the trial court's order dismissing his complaint as a sanction for failing to attend his deposition. He contends that the trial court was obligated to conduct a hearing prior to imposing the ultimate sanction of dismissal. He also contends that the trial court erred by denying his motions for sanctions. For reasons that follow, we affirm.

In March 2009, Portman filed suit against Cleveland G. Zipperer III, seeking repayment of two promissory notes. Zipperer later filed a Chapter 7 bankruptcy, but the bankruptcy court held that Zipperer's debt to Portman was not dischargeable because Zipperer had obtained the loan from Portman by making false

representations. In October 2013, after the bankruptcy stay was lifted, Portman obtained a consent judgment against Zipperer in the amount of $160,000.

In July 2016, Portman brought suit against Zipperer; Zipper Land Management, a company operated by Zipperer; Tina Portillo Zipperer; and Zipperer and Co. LLC, a company formed by Tina Zipperer. Portman alleged that Tina Zipperer's formation of and participation in the operation of Zipperer and Co. ("ZCO") was part of a conspiracy involving Zipperer to further defraud Portman by illegally diverting, transferring, secreting, and disposing of assets and income belonging to Zipperer.

The parties engaged in discovery shortly after the complaint was filed. Tina Zipperer served written discovery to which Portman responded. Portman served written discovery on Tina Zipperer and ZCO, seeking, inter alia, tax returns, bank statements, and financial statements. Tina Zipperer and ZCO responded to certain of the requests and sought a protective order to avoid producing information or documents they deemed confidential, sensitive, and/or proprietary. In a June 22, 2017 order, the trial court ordered Tina Zipperer and ZCO to produce the requested tax and bank records within 15 days. Tina Zipperer and ZCO filed a motion for reconsideration, which the trial court denied in a September 26, 2017 order. In the interim, Portman filed a motion for sanctions based on the failure to produce the

2

documents as ordered by the court, and the trial court reserved ruling "until the final trial of this matter." The documents were ultimately made available for Portman's review, but not copying, on November 7, 2017. Portman filed a motion for reconsideration on November 8, 2017, seeking sanctions for defense counsel's failure to comply with the court's June 2017 order by not allowing the documents to be copied. The trial court denied the motion as untimely, suggesting that any failure to comply with the court's June 2017 order would require a new motion for sanctions.

Tina Zipperer and ZCO first sought to take Portman's deposition in November 2016. The deposition was mutually rescheduled four times, and during the scheduling process, Portman sought a protective order asking that he be protected from being deposed until such time as Tina Zipperer obeyed the court's order to produce the requested documents. The trial court denied Portman's motion in a September 2017 order. On the fifth scheduled deposition date, November 9, 2017, Portman failed to appear. His counsel was present and announced that Portman was not present because his dog was dying and required close monitoring. On the sixth scheduled deposition date, neither Portman nor his attorney appeared.

Tina Zipperer and ZCO moved to dismiss Portman's complaint against them for his failure to appear at his deposition and sought the attorney fees and costs

incurred in preparing for and appearing at the last two scheduled depositions. Portman responded that the motion should be denied because the defendants had engaged in abusive litigation, resulting in substantial delay, and that they should not be rewarded for their attempt to manipulate the discovery process by refusing to allow Portman to copy documents that they had been ordered to produce. Portman also filed another motion for sanctions based on Tina Zipperer and ZCO's refusal to allow him to copy the documents. The trial court granted the motion to dismiss Portman's complaint, ruling that Portman's failure to attend his deposition was wilful, and awarded Tina Zipperer and ZCO the attorney fees and expenses incurred for Portman's failure to attend. The trial court denied Portman's motion for sanctions as moot, given its ruling on the motion to dismiss.

1. Portman contends that the trial court erred in dismissing his complaint. He argues that the trial court was required to conduct a hearing before granting Tina Zipperer and ZCO's motion to dismiss as a discovery sanction.

"A trial court has broad discretion to control discovery, including the imposition of sanctions, and this Court will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion." (Citations and punctuation

4

omitted.) *Resurgens, P.C. v. Elliott*, 301 Ga. 589, 597-598 (2) (b) (800 SE2d 580) (2017).

Pursuant to OCGA § 9-11-37 (d) (1), "[i]f a party . . . fails to appear before the officer who is to take his deposition, after being served with a proper notice . . . , the court in which the action is pending on motion may make such orders in regard to the failure as are just; and, among others, it may take any action authorized under subparagraphs (b) (2) (A) through (b) (2) (C) of this Code section." OCGA § 9-11-37 (b) (2) (C) authorizes the court in which the action is pending to sanction a party by issuing "[a]n order . . . dismissing the action or proceeding or any part thereof . . . ."

The Supreme Court of Georgia has cautioned against the use of the harsher sanctions of dismissal or default except in extreme cases, and held that the trial court must find wilfulness as a predicate to imposing those sanctions. See *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991). But "the trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." Id. at 182-183. And wilfulness in this context "requires only a conscious or intentional failure to act, as distinguished

from an accidental or involuntary non-compliance." *Resource Network Intl. v. Ritz-Carlton Hotel*, 232 Ga. App. 242 (1) (501 SE2d 573) (1998).

Relying on *McConnell v. Wright*, 281 Ga. 868 (644 SE2d 111) (2007), Portman argues that he was entitled to an opportunity to be heard before the trial court determined whether his behavior was wilful. In *McConnell*, the record supported a finding that the McConnells' failure to attend their depositions resulted from negligence rather than wilfulness, and the Court specifically noted that "[h]ad there been evidence on the face of the record showing that the McConnells acted wilfully, the result of this case might be different." Id. at 870. Here, however, the record shows that the only reason Portman failed to attend his sixth scheduled deposition was because he had not been allowed to copy the documents the court had ordered be produced. This failure to appear occurred after the trial court had denied Portman's motion for protective order in which he sought to postpone his deposition until Tina Zipperer obeyed the court's order to produce the requested documents. Even if Portman was entitled to copies of the documents, that did not excuse his intentional refusal to attend his deposition. See *Rice v. Cannon*, 283 Ga. App. 438, 439 (1) (641 SE2d 562) (2007).

6

In this situation, where the trial court had already ruled that Portman was not entitled to postpone his deposition until such time as his opponents complied with the court's order to produce documents and the sole reason for Portman's failure to appear was the fact that those documents had not been made available for copying, the trial court was authorized to find that Portman intentionally and wilfully failed to attend his properly-noticed deposition. Under the specific facts of this case, that finding could be made from the record, without the necessity of conducting a hearing. See *Cochran v. Kennelly*, 306 Ga. App. 838, 842 (1) (703 SE2d 411) (2010). Thus, the trial court did not abuse its discretion in dismissing Portman's complaint against Tina Zipperer and ZCO. See *Johnson v. Lomas Mtg. USA*, 201 Ga. App. 562, 564 (3) (411 SE2d 731) (1991).

2. Portman contends that the trial court erred by denying his three motions for sanctions. In fact, the trial court did not deny Portman's first motion for sanctions but reserved ruling until final trial of this matter. The second motion, styled as a motion for reconsideration, sought sanctions for defense counsel's failure to comply with the court's June 2017 order by not allowing the documents to be copied; it was denied as untimely. Portman then filed another motion for sanctions, essentially reasserting the arguments set forth in his second motion. That motion was denied as moot after

7

the trial court dismissed Portman's complaint. Given our determination that the trial court was entitled to dismiss Portman's complaint against Tina Zipperer and ZCO, we affirm the trial court's ruling that Portman's third motion for sanctions was moot. Portman's second motion for sanctions is also moot and we therefore need not determine whether the trial court erred in ruling that the motion was untimely.

*Judgment affirmed. Miller, P. J., and Reese, J., concur*.