**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 31, 2024**

# In the Court of Appeals of Georgia

A24A0854, A24A0855. KSENIYA PARFENOVA v. HEDINGTON SQUARE HOMEOWNERS' ASSOCIATION, INC.

RICKMAN, Judge.

Kseniya Parfenova appeals from the trial court's grant of Hedington Square Homeowners' Association, Inc.'s motion for sanctions and its striking of her pleadings, i.e. answer and counterclaim. For the following reasons, we reverse the trial court's order striking Parfenova's pleadings and entering a default judgment in favor of the HOA.

In May 2020, the HOA filed a complaint in Cobb County alleging that Parfenova owned a home subject to the restrictive covenants of the HOA and was in violation of certain covenants. Specifically, the complaint alleged that Parfenova was in violation of the covenant restricting the leasing of her home without the HOA's

prior approval. After Parfenova asserted that she resided in Fulton County, the case was transferred to Fulton County.

Following service by publication, Parfenova filed an answer and counterclaim. The HOA served Parfenova with a notice Of deposition, scheduling her deposition for August 23, 2022. Parfenova failed to appear for her scheduled deposition.

After Parfenova failed to appear at her first deposition, the HOA filed a motion for sanctions, or in the alternative, motion to compel Parfenova's deposition. The trial court granted the HOA's motion and ordered Parfenova to "submit herself to a deposition upon scheduling by the [HOA]. Failure to appear for the next scheduled deposition without notice or sufficient cause will result in [Parfenova's] pleadings being struck and a default judgment being entered in favor of the [HOA]."

On October 17, 2022, the HOA sent Parfenova another notice of deposition, setting her deposition for November 16, 2022. On November 12, 2022, Parfenova sent the HOA an email stating, "[t]his is to notify you in accordance with the order requirement, that I will not appear for [the] deposition on November 16th, 2022 for the following reason. The lawyer I asked to represent me at the deposition has [a] conflict in schedule ("I have a jury trial that day.") and is still expected to get back to

me with a proposed date." The HOA replied that the deposition was moving forward as scheduled.

On the morning of the scheduled deposition, Parenvoa sent another email to the HOA stating that she had still been unable to reach her counsel and she was unaware whether her counsel had submitted his entry of appearance or notified the court of his conflict. The email further stated that if the HOA was still unwilling to postpone the deposition, to please "set up remote means for me to attend it over the phone pursuant to OCGA § 9-11-30 and in observation of COVID-19 precautions." The HOA replied that it was not postponing the deposition and that it did not consent to conducting the deposition remotely. Parnenova ultimately failed to appear at the deposition.

The HOA filed a second motion for sanctions asking the trial court to strike Parfenova's pleadings, find Parfenova in default, and allow the HOA to present evidence as to damages and attorney fees. Without conducting a hearing, the trial court granted the HOA's second motion for sanctions. The trial court stated, "[Parfenova's] willful failure to appear for deposition is a total failure to respond to discovery and comply with [] Georgia Civil Procedure. [Parfenova] did not give [the

HOA] notice or sufficient cause for her non-appearance [at] her second deposition." The trial court struck Parfenova's pleadings, entered an order of default in favor of the HOA, and required Parfenova to pay the attorney fees and costs incurred. Subsequently, a hearing was held on damages and Parfenova was ordered to pay certain damages, costs, and attorney fees to the HOA.

In two consolidated cases, Parfenova appeals contending, inter alia, that the trial court erred by granting the second motion for sanctions without holding a hearing. We agree.

"The law authorizing the imposition of sanctions for discovery-related abuses is not ambiguous, uncertain, or arcane." (Citation and punctuation omitted.) *Taylor v. Marshall*, 321 Ga. App. 752, 753 (743 SE2d 444) (2013). See OCGA § 9-11-37 (d) (1). "Provided proper discovery procedures are followed, when a party fails to appear for a properly noticed deposition, or fails to answer or object to interrogatories properly submitted under OCGA § 9–11–33, or after appropriate service fails to respond to document requests, a trial court may take any action delineated under OCGA § 9–11–37 (b) (2) (A)–(C)." (Citation and punctuation omitted.) *Taylor*, 321 Ga. App. at 753-754. "Among several other options, subsection (b) (2) (C) authorizes

a court to enter an order dismissing the action or proceeding or any part thereof." (Citation and punctuation omitted.) Id. at 754; see OCGA § 9-11-37 (b) (2) (C). "Moreover, an order compelling discovery is not a condition precedent for the imposition of sanctions under subsection (d). All that is required is a motion, notice, and a hearing." (Citation and punctuation omitted.) *Taylor*, 321 Ga. App. at 754.

"It is true that, in some exceptional cases, a hearing is not absolutely necessary." *Taylor*, 321 Ga. App. at 754. See *McConnell v. Wright*, 281 Ga. 868, 869-870 (644 SE2d 111) (2007). "The trial court need not conduct a hearing on the issue of willfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine willfulness on the part of the party against whom the sanctions are sought." (Citation and punctuation omitted.) *McConnell*, 281 Ga. at 870. In *McConnell*, the Supreme Court of Georgia held that the case at issue was not the type of exceptional case where a hearing on willfulness was unnecessary because no hearing of any type was held, and the record did not demand a finding of willfulness. Id.

Here, there was no hearing on either of the HOA's motions for sanctions and there is nothing in the record before us that demands a finding that Parfenova's failure

to appear at her second deposition was willful. Additionally, the trial court's order stated that Parfenova did not give the HOA notice of her non-appearance, but Parfenova did email the HOA before her non-appearance, and a hearing is necessary to determine, among other things, if that notice was sufficient.

"Because the record does not establish without dispute that [Parfenova's] failure to comply with the court order was wilful, we reverse the order of the trial court [striking Parfenova's complaint and granting a default judgment to the HOA] and remand for a hearing on the issue of wilfulness." (Citation and punctuation omitted.) *Rouse v. Arrington*, 283 Ga. App. 204, 207 (2) (641 SE2d 214) (2007). See *Taylor*, 321 Ga. App. at 754. As a result, it is unnecessary for us to consider Parfenova's other arguments on appeal.

*Judgment reversed and case remanded. Mercier, C. J., concurs and McFadden, P. J., concurs fully and specially.*

# In the Court of Appeals of Georgia

A24A0854, A24A0855. PARFENOVA v. HEDINGTON SQUARE

HOMEOWNERS' ASSOCIATION, INC.

MCFADDEN, Presiding Judge, concurring fully and specially.

I concur fully in the majority opinion. The majority properly holds that the trial court must conduct a hearing and reconsider in light of that hearing.

Normally no more would need to be said. But I am moved by the bulk of this six-volume record and the relative simplicity of the dispositive issues to say a little

7

more. The association is entitled to prevail regardless of the merits only if Parfenova willfully refused to comply with discovery. I am more than skeptical of that proposition. See *Cook v. Lassiter*, 159 Ga. App. 24, 24 (282 SE2d 680) (1981).

The association is entitled to prevail on the merits if and only if it can make one of two showings. One or the other of those showings is required because the association seeks to enforce restrictive covenants adopted after Parfenova purchased the home at issue. The association can prevail by showing that Parfenova consented in writing to those covenants. See OCGA § 44-5-60 (d) (4) ("no change in the covenants which imposes a greater restriction on the use or development of the land will be enforced *unless agreed to in writing* by the owner of the affected property at the time such change is made") (emphasis added).

Alternately it can prevail under the Georgia Property Owners' Association Act by producing a recorded declaration stating an affirmative election to be governed under that Act. See OCGA § 44-3-234 ("The limitations provided in subsection (b) and paragraphs (1), (2), and (4) of subsection (d) of Code Section 44-5-60 shall not apply to any covenants contained in any instrument created pursuant to or submitted to this article."); OCGA § 44-3-222 ("A property owners' development shall come

into existence upon either the *recordation of the declaration* pursuant to this article or the amendment of a recorded declaration in accordance with Code Section 44-3-235. Any declaration or amendment intending to bring or avail a development of the benefits and provisions of this article shall state an *affirmative election to be so governed*. Any original declaration shall be duly executed by or on behalf of all of the owners of the submitted property. Any such amendment to an existing declaration shall be executed in accordance with the terms of the recorded declaration being amended thereby.") (emphasis added).

Parfenova has averred in writing that she did not consent. If a recorded declaration opting into the Act exists, it is a matter of public record, and a copy ought to be in the association's files. But the association, as far as I can tell, has not produced any such document.

Nevertheless the association is entitled to conduct discovery.