**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and MARKLE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 30, 2024**

# In the Court of Appeals of Georgia

A24A0815. WARREN v. WAL-MART STORES EAST, LP (DELAWARE).

MCFADDEN, Presiding Judge.

Vengamas Warren appeals the order dismissing her premises liability complaint as a discovery sanction. Warren has not shown that the trial court abused her discretion, so we affirm.

Warren filed a complaint, alleging that she was injured at a store owned by Wal-Mart Stores East, LP (Delaware) when she opened a freezer door and an item fell out, hitting her on the head and foot. On September 15, 2021, Wal-Mart filed an answer and served Warren with interrogatories and requests for production of documents. On October 27, 2021, Warren had not responded to the discovery requests, so counsel for

Wal-Mart emailed counsel for Warren. Warren's counsel requested two weeks to respond, and counsel for Wal-Mart agreed.

In January 2022, when Warren still had not responded to the discovery, counsel for Wal-Mart wrote counsel for Warren, requesting responses. Warren's counsel asked for another two weeks to provide her responses, and Wal-Mart agreed. But as of August 16, 2022, 11 months after discovery had been served, Warren still had not responded. Wal-Mart moved to dismiss Warren's complaint or to compel her to respond to discovery. In an order entered September 23, 2022, the trial court denied Wal-Mart's motion to dismiss, but granted its motion to compel, ordering Warren to respond to discovery and to serve Wal-Mart within 15 days of the order, or by October 8, 2022.

On October 8, 2022, Warren served responses, but, as she concedes, many of the responses were incomplete. Warren asserted that the responses "will be supplemented." Warren had not supplemented her responses by December 14, 2022, so Wal-Mart sent counsel a letter pursuant to Uniform State Court Rule 6.4, which requires counsel to confer to attempt to resolve discovery disputes, requesting that

Warren supplement her responses. As of September 5, 2023, close to 11 months after she had filed her incomplete responses, Warren still had not supplemented them.

In the meantime, Wal-Mart noticed Warren's deposition for June 27, 2023. Neither Warren nor her counsel appeared. Wal-Mart re-noticed the deposition to take place remotely on July 25, 2023. Although Warren's attorney appeared, Warren did not.

On September 5, 2023, Wal-Mart moved to dismiss the complaint for Warren's failure to participate in discovery. The trial court granted the motion, finding that Warren's failure to participate in discovery was "within the most flagrant of cases"; demonstrated a conscious and willful disregard of the discovery process; and authorized dismissal of the complaint.

Warren filed a timely notice of appeal. She argues that the dismissal was improper because Wal-Mart had not filed a motion to compel and the trial court did not conduct a hearing. She also asserts that her failure to participate in discovery was not wilful, that mental issues delayed her discovery responses, and that transportation issues prevented her from appearing at the second, remote deposition. (She makes no argument regarding her failure to appear at the first deposition.)

The law authorizing the imposition of sanctions for discovery-related abuses is not ambiguous, uncertain, or arcane. See OCGA § 9-11-37 (d) (1). Provided proper discovery procedures are followed, when a party fails to appear for a properly noticed deposition, or fails to answer or object to interrogatories properly submitted under OCGA § 9-11-33, or after appropriate service fails to respond to document requests, a trial court may take any action delineated under OCGA § 9-11-37 (b) (2) (A)-(C). Among several other options, subsection (b) (2) (C) authorizes a court to enter an order dismissing the action or proceeding or any part thereof.

*Parfenova v. Hedington Square Homeowners' Assn.*, ___ Ga. App. ___, ___ (___ SE2d ___) (Case Nos. A24A0854, A24A0855, decided July 31, 2024) (citations and punctuation omitted). "Trial courts have broad discretion to control discovery, including the imposition of sanctions. . . . [W]e will not interfere with a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act in the absence of an abuse of discretion." *Miller v. Lynch*, 351 Ga. App. 361, 367 (2) (830 SE2d 749) (2019) (citations and punctuation omitted).

Warren's argument that dismissal was precluded because Wal-Mart did not file a motion to compel is meritless. Wal-Mart did file a motion to compel, and the trial court granted that motion. Although Warren complied with the time limit established

in the order compelling her to respond, her responses were incomplete, as she concedes. And she had not supplemented her responses as of the date that Wal-Mart filed its second motion to dismiss, almost a year later. In any event, "[a]s long as the proper discovery procedures have been followed, . . . an order compelling discovery is not a condition precedent for the imposition of sanctions under subsection [OCGA § 9-11-37] (d)." *Hunt v. Callahan*, 353 Ga. App. 488, 492 (4) (838 SE2d 133) (2020) (citation and punctuation omitted).

Warren argues that the trial court erred by dismissing her complaint without first having conducted a hearing on her discovery failures. It is true that, generally a hearing is required. See *Hunt*, 353 Ga. App. at 492 (4) ("All that is required [for the imposition of sanctions under OCGA § 9-11-37 (d)] is a motion, notice, and a hearing.") (citation and punctuation omitted). Nevertheless, "[i]n some exceptional cases, . . . a hearing is not absolutely necessary. The trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." *McConnell v. Wright*, 281 Ga. 868, 869-870 (644 SE2d 111) (2007) (citation and punctuation omitted). This is such an exceptional

case. Wal-Mart filed its first motion to dismiss because of Warren's failure to respond to discovery 11 months after it had been served and after Wal-Mart had consented to extensions. The trial court ordered Warren to respond to the discovery requests, and although she did, her responses were incomplete, as she concedes.

Wal-Mart repeatedly asked Warren to supplement her responses. As of September 5, 2023, almost 11 months after she had incompletely responded to discovery, she still had not supplemented her responses. In addition, Warren twice failed to appear at her noticed deposition. In this exceptional case, "the trial court [could] determine wilfulness" absent a hearing. *McConnell*, 281 Ga. at 870.

As she did in the trial court, Warren argues that her mental health issues and transportation issues excuse her failure to participate in discovery. She presented no evidence in the trial court to support such arguments, and the trial court rejected them. Nor has she pointed to evidence supporting such arguments in her appellate brief. See *Rivers v. Almand*, 241 Ga. App. 565, 567 (1) (527 SE2d 572) (1999) (plaintiff "offered not a scintilla of evidence to support [her] assertion" that the trial court abused its discretion in dismissing complaint as a discovery sanction). Warren has not shown error.

*Judgment affirmed. Mercier, C. J., and Markle, J., concur.*